1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON - TACOMA

| | |
|---|---|
| TED SPICE,<br><br>       Plaintiff,<br><br>       v.<br><br>INTERNAL REVENUE SERVICE; BRYAN BARTELSON; ALASKA USA FEDERAL CREDIT UNION; DONNA E. DUBOIS; ESTATE OF DORIS E. MATHEWS; BANK OF AMERICA, NA; NATIONSTAR MORTGAGE, LLC; CITY OF PUYALLUP; THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE ON BEHALF OF THE REGISTERED HOLDERS OF ALTERNATIVE LOAN TRUST 2006-OA3, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OA3; GMAC MORTGAGE LLC; DEUTSCHE BANK TRUST COMPANY AMERICAS; RRA CP OPPORTUNITY TRUST I, its assignees and or successors, by and through its servicing agent REAL TIME RESOLUTIONS, INC.; DITECH FINANCIAL LLC; BUDSBERG LAW GROUP PLLC, and BRIAN BUDSBERG, in his individual and official capacity as TRUSTEE; UNITED STATES OF AMERICA.<br><br>       Defendants. | CASE NO.:<br><br>PLAINTIFF'S COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF |

**TO:**   The United States District Court Clerk's Office; and
**TO:**   Defendants, Brian L. Budsberg, for the Estate of Mark and Donna Dubois.

## I.   INTRODUCTION

COMES NOW Ted Spice (hereinafter referred to as ("Spice"), by and through his attorney of record, Tuella O. Sykes, files this Complaint (the "Complaint") to the United States pursuant to the Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201, *et, seq*. Plaintiff seeks declaratory relief and damages caused by the Defendants, Brian L Budsberg for the Bankruptcy Estate of Mark and Donna Dubois, the Defendant United States for US Trustee Brian Budsberg and The Estate of Doris E. Mathews. Based on the facts and claims delineated below, stay or consolidation of the pending District Court proceeding[1] is proper in that the Plaintiff's claims against the Estate of Doris Mathews[2] remain unresolved impacting the Mathews Estate or Dubois' Title interest in five properties. The Defendant, Doris Mathews died in 2009.  Her daughter, Donna DuBois is the personal representative of the Matthews' Estate (hereafter "the Estate"). Probate started in 2010 in Pierce County with Superior Court Cause Number 10-4-0037-5. The Plaintiff was a former business partner of Mathews and brought an initial lawsuit claiming ownership of multiple real properties under the Mathew's estate. In June of 2013, the Plaintiff filed another lawsuit against the Estate for creditor claims under cause number 13-2-09887-9.

In May of 2014 the Plaintiff filed two more lawsuits alleging non-payments and breaches by the Estate in relation to the shared properties with cause numbers 14-2-08948-7 & 14-2-08947-9 respectively. Both of these cases were consolidated in an amended complaint then dismissed to avoid duplication.

[1] Case No. 19-cv-05772-TLF
[2] Spice v. Estate of Mathews, No. 50915-6-II, Wash. Ct. App. (July, 16, 2019)

PLAINTIFF'S COMPLAINT FOR DECLARATORY & INJUNCTIVE
RELIEF - Page 2 of 23

LAW OFFICES OF TUELLA O. SYKES
2101 FOURTH AVE, SUITE 860
SEATTLE, WA 98121

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In contempt of two January and February 2014 Probate Court Orders, in November of 2014 Donna Dubois, as the personal representative of the Estate, conveyed five specific properties, some jointly owned by the Plaintiff and the Estate to herself personally. The Plaintiff then amended his 13-2-09887-9 and consolidated complaint in or around December of 2014 alleging, misappropriation of rental funds, Injunctive Relief, fraudulent transfers, waste and a breach of fiduciary duty with regard to co-owned properties. The Plaintiff's 13-2-09887-9 case was consolidated with 10-4-0037-5, which is the probate proceeding. The Plaintiff's 13-2-09887-9 complaint alleged that Donna DuBois, as personal representative, fraudulently conveyed property to herself personally in November of 2014. The Plaintiff's 13-2-09887-9 case was consolidated with 10-4-0037-5, which is part of the current probate proceeding. In October 2015 the trial court dismissed the Plaintiff's claims on summary judgment. The trial court found that there was nothing to rule on regarding assets or fraudulent transfers and no evidence that the Estate was managing the property when the alleged waste occurred, and the Estate did not owe a fiduciary duty to the Plaintiff. Spice appealed in December of 2017[3].

The Pierce County Court[4] granted Spice's Motion for Order Vacating Quit Claim Deeds from Donna DuBois, as Personal Representative of the Estate of Doris Mathews, as grantor to Dona DuBois as grantee, in defiance of a January 27, 2015[5] Probate Court Order, which was corrected to the March 2, 2015 Probate Court Order. This March 2, 2015 Order related to the following five properties:

1. Granted as to Kitsap County Land (50% of 9/270[th] Interest) Parcel #292602-1-054-2004);
2. Granted as to 10915 & 10917 58th St. Ct. E., Puyallup, WA (Parcel #2245000410);
3. Granted as to 5818 Milwaukee Ave. E., Puyallup, WA (Parcel #2245000400);
4. Granted as to 11305 58th St. Ct. E. Puyallup, WA (Parcel #0420224137); and

---

[3] Spice v. Estate of Mathews, No. 4858-7-II, slip op at 1 (Wash. Ct. App. Dec. 12, 2017) (unpublished)
[4]    Case No. 10-4-00037-5 (Order Date March 2, 2015)
[5]    The January 27, 2015 Order contained a typo and was corrected to the March 2, 2015 Order.

LAW OFFICES OF TUELLA O. SYKES
2101 FOURTH AVE, SUITE 860
SEATTLE, WA 98121

5.   Granted as to 11003 58th St. Ct. E., Puyallup, WA (Parcel #7705000191).

This March 2, 2015 Order[6] additionally ordered that "the Personal Representative may not transfer these properties without further order of this Court." A third order was issued on January 2015, and revised March 2, 2019 (typo correction) prohibiting transfers and requiring assets transferred back to the Probate estate and to have Ms. Donna DuBois non-intervention powers removed.

In contempt of the March 2, 2015 order, on March 18, 2015 Ms. DuBois recorded an additional quit claim deeds with the following language attached to the deeds:

"THE GRANTOR Donna E. DuBois in consideration of Court Order in Pierce County Cause Number 10-4-00037-5 filed on January 27, 2015 do hereby convey, transfer, and quit claim all interest in the following real property situated in Pierce County, Washington, subject to any mortgage and litigation in Pierce County Superior Court cause numbers 10-2-11622-8, 13-2-09885-2, 14-2-0894-9 and 14-2-08948-7 together with all after acquired title of the Grantor to the real property located at address 11003 58th St. Ct. E. Puyallup, WA 98372 to Donna E. DuBois as Personal Representative of Estate of Doris E. Mathews. Said real estate is legally described as…

Attached as Exhibit A is a true and correct copy of the March 18, 2015 Quit Claim Deeds.

On July 30, 2019, being fully advised, Trustee Brian Budsberg's Motion for an Order[7] was entered by the Western District of Washington Bankruptcy Court Granting Trustee's Motion to Approve the Sale of the Estate's and Co-Owner Ted Spice's Interests in the Property Located at 11003 58th St. Ct. E. Free and Clear of Liens Pursuant to 11 U.S.C. § 363 (hereafter "11003").

Mr. Spice contention is that the conveyed 11003 property was a fraudulently conveyed asset subject to Spice's Creditor's Claims, Liens and Lis Pendins to Bryan Bartelson for $1,000,000 with "no conditions – as is". The fraudulent title transfers were discovered in

---

[6]  P. 2, Line 19
[7] See Docket No. 560 (Case No. Bankruptcy Petition #: 13-46104-BDL)

LAW OFFICES OF TUELLA O. SYKES
2101 FOURTH AVE, SUITE 860
SEATTLE, WA 98121

February 2017 when Ms. DuBois attempted to close the estate and obtain orders to transfer the assets that had been overturned by the COA.

The Court of Appeals issued a decision on December 12, 2017 holding that there was a quasi-fiduciary relationship between the Plaintiff and the Estate regarding the properties, and a material question of fact existed as to whether the Estate had breached their management duty regarding waste. However, instead of trial as demanded, the probate court Judge Ashcraft dismissed Spice's claims and partially transferred claims to the Bankruptcy for adjudication. Nothing transpired for two years, despite two attempts to transfer to Federal District Court.

As a result, the 2017 Amended Complaint was also dismissed by the probate judge Ashcraft in December of 2018.  Noted in the attached unpublished WA State Court of Appeals, Division II (hereafter "COA") Second Opinion, as of October 15, 2019, the trial court rulings were reversed because the trial court had not resolved the remanded Spice issues[8] and neither resolved the 2017 Amended Complaint issues. The COA affirmed state courts have jurisdiction over the assets and Spice's claims. COA decided Spice's claims adversely impact the Mathews Estate and DuBois right to any title interest and the probate estate cannot close until Spice's claims were resolved.  Spice has always contended he is sole owner of all five properties. Among many, Spice sought injunctive relief and fees under RCW 7.21.010 and RCW 7.21.030 for contempt and monetary damages for unlawful conveyances that remain unresolved.

Between Jan. 2016 thru July 2019 the Trustee litigated in a manner that obstructed Spice's First Right of Refusal. The unlawful 11003 deed ruined Spice's financing so he couldn't purchase 100% of the subject 11003 to proceed with building commercial project and generate value and revenue.  The July 30, 2019 sale[9] of the 11003 Property to Bartelson was transacted in

---

[8] Spice v. Dubois, No. 50915-6-II
[9] See Docket No. 560 (**Bankruptcy Petition #: 13-46104-BDL**)

bad faith, less then arms transaction, as Spice had pending superior court judgments, and COA litigation regarding Bartelson.

The 11003 property sold[10] to Bartelson $1,000,000 and Spice 25% interest totals $250,000.   In a clear effort to leave Mr. Spice homeless, no money and ultimately nothing, the Trustee interpleaded Spice $124,000 homestead exemption in district court to crave up among invalid and valid creditors. A portion of judgments are non-existent or creditor claims were resolved.  Spice a Successor in Interest is not required to use his proceeds from the sale of his 11003 asset to pay off the Mathews' Estate Mortgage. The Trustee confiscated Spice's remaining $126,000 proceeds and paid off Bank America's $446,000 mortgage despite Servicer Real Time Resolution Notification under CFPB, Consumer Protection and Truth & Lending Act, HUD Disclosures and ALTA RESPA Laws, that Spice is not required to pay off the mortgage. Spice seeks to have all $250,000 of his funds interplead and released to him.

## II.    PARTIES

**The Parties to This Complaint**

2.1    The Plaintiff

| | |
|---|---|
| Name: | Ted Spice Represented by Matthew J. Cunnan |
| Job or Title: | Attorney for Ted Spice |
| Street Address: | DC Law Group NW LLC, |
| | 12055 15th Ave NE Suite B Seattle, King County |
| State, & Zip Code: | WA, 98125 |
| Telephone No.: | 206-494-0400 |
| Email Address: | matthew@dclglawyers,com |

2.2    The Defendants

| | |
|---|---|
| Name: | U.S.A. |
| Street Address: | 700 Stewart Street, Suite 5220 |
| City and County: | Seattle, WA, King |
| State and Zip Code: | WA, 98101 |
| Telephone Number: | (206) 553-7970 |

---

[10]  *Id*

E-mail Address:

| | |
|---|---|
| Name: | Brian L. Budsberg, Chapter 7 Bankruptcy Trustee |
| Street Address: | PO Box 8928 |
| City and County: | Lacey, Thurston County |
| State and Zip Code: | WA, 98509 |
| Telephone Number: | 360-584-9093 |
| E-mail Address: | brian@budsberg.com |

| | |
|---|---|
| Name: | Brian Bartelson: Represented by Brent Dillie |
| Job or Title: | Attorney for Brian Bartelson |
| Street Address: | 2010 Caton Way SW Suite 101 |
| City and County: | Olympia |
| State and Zip Code: | WA 98502 |
| Telephone Number: | 206-494-0400 |
| E-mail Address: | brent@dillielaw.com |

| | |
|---|---|
| Name: | Alaska USA Federal Credit Union Dane Woldseth |
| Job or Title Judgement [sic]: | Creditor for Ted Spice |
| Street Address: | 400 108th Ave NE Ste 420 |
| City and County: | Bellevue |
| State and Zip Code: | WA 98004 |
| Telephone Number: | 425-646-0104 |
| E-mail Address | dane@draperwoldseth.com |

| | |
|---|---|
| Name: | United States of America |
| Job or Title: | Yen Jeannette Tran |
| Street Address: | PO Box 683 |
| City and County: | Washington |
| State and Zip Code: | DC 20044 |
| Telephone Number: | 202-616-3366 |
| E-mail Address: | y.jeannette.tran@usdoj.gov |

| | |
|---|---|
| Name: | Donna E. Dubois & Mark Dubois |
| Job or Title: | Represented by Brett C. Masch, Masch Law Group, PLLC |
| Street Address: | 22525 SE 64th Place Suite 262 |
| City and County: | Issaquah |
| State and Zip Code | WA 98027-5387 |
| Telephone Number: | 425- 427-9660 |
| E-mail Address: | ecf@johnlonglaw.com |

| | |
|---|---|
| Name: | City of Puyallup |
| Job or Title Represented: | by Michael M Sperry, Schweet Line & Coulson, PLLC |
| Street Address: | 575 S. Michigan St |
| City and County: | Seattle |
| State and Zip Code: | WA 98108 |

Telephone Number:
E-mail Address:                 michales@schweetlaw.com

Name:                           Estate of Doris Matthews
Job or Title:                   Patrick Hanis
                                Hanis Irvine Prothero, PLLC
Street Address                  6703 S. 234th St. Ste
City and County:                Kent
State and Zip Code:             WA 98032-2903
Telephone Number:               253-520-5000
E-mail Address:                 phanis@hiplawfirm.com

Name:                           Bryan Bartelson
Job or Title:                   Antoni H. Froehling
                                Froehling Law
Street Address:                 510 E. Main Ste F
City and County:                Puyallup, Pierce
State and Zip Code              WA 98372-5613
Telephone Number:               253-770-0116
E-mail Address:                 toni@froehlinglaw.com

Name:                           Mark & Donna DuBois
Job or Title:                   Pro Se
Street Address:                 601 9th St. NW
City and County:                Puyallup, Pierce
State and Zip Code              WA 98371
Telephone Number:
E-mail Address:

Name:                           Nationstar Mortgage, LLC
Job or Title:                   Financial, Banking
Street Address:                 8950 Cypress Waters Blvd
City and County:                Dallas, Dallas
State and Zip Code              TX, 75019
Telephone Number:
E-mail Address:

Name:                           Ditech Financial, LLC
Job or Title:                   Financial, Banking
Street Address:                 711 Capitol Way S., Ste 204
City and County:                Olympia, Thurston
State and Zip Code              WA, 98501-1267
Telephone Number:
E-mail Address:

Name:                           Bank of America, NA

| | |
|---|---|
| Job or Title: | Financial, Banking |
| Street Address: | Bank of America Corporate Center |
| | 100 N. Tryon Street |
| City and County: | Charlotte, Mecklenburg |
| State and Zip Code | North Carolina, 28255 |
| Telephone Number: | (704) 386-5681 |
| E-mail Address: | |
| | |
| Name: | The Bank of New York Mellon |
| Job or Title: | Financial, Banking |
| Street Address: | 400 S Hope St Ste 400 |
| City and County: | Los Angeles, Los Angeles |
| State and Zip Code | CA, 90071-2905 |
| Telephone Number: | |
| E-mail Address: | |
| | |
| Name: | Deutsche Bank Trust Company Americas |
| Job or Title: | Financial, Banking |
| Street Address: | 60 Wall Street, MS: NYCO60-4099 |
| City and County: | NY, New York |
| State and Zip Code | NY, 10005-2836 |
| Telephone Number: | |
| E-mail Address: | |
| | |
| Name: | Nationstar Mortgage, LLC |
| Job or Title: | Financial, Banking |
| Street Address: | 60 Wall Street, MS: NYCO60-4099 |
| City and County: | NY, New York |
| State and Zip Code | NY, 10005-2836 |
| Telephone Number: | |
| E-mail Address: | |
| | |
| Name: | Alaska Federal Credit Union USA |
| | Alaska Corporate Office |
| Job or Title: | Financial, Banking |
| Street Address: | 4000 Credit Union |
| City and County: | Anchorage, Anchorage |
| State and Zip Code | AK, 99515 |
| Telephone Number: | |
| E-mail Address: | |

## III.    JURISDICTION AND VENUE

**Plaintiff re-alleges each and every allegation as set forth above.**

LAW OFFICES OF TUELLA O. SYKES
2101 FOURTH AVE, SUITE 860
SEATTLE, WA 98121

3.1    The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1335 in that action arises of any civil action of interpleader, or in the nature of interpleader, filed by any person having in his custody money or property the value of $500 or more. Moreover, the matter in dispute and relief sought herein is under the Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201, *et seq* and as it relates specifically to the Interpleader Amended Complaint and Declaratory Relief[11] filed against the Plaintiff's $125,000 Homestead and Remaining $126,000.

3.2    The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and disposition of asset involving fraudulent transfers, Spice Liens and Claims, title interest and 1340 as it relates to a federal tax lien.  And or whether the sale to Bartelson be reversed or allowed, proceeds and damages paid accordingly.

## IV.    STATEMENT OF FACTS

**Plaintiff re-alleges each and every allegation as set forth above.**

4.1    Plaintiff owns twenty-five percent (25%) ownership interest in the property commonly known as 11011, 11003 Triplex, 11004, 11007 with a Parcel of Land (Parcel #7705000191) and 100% Interest in two Manufactured Homes located at 11003 58th Street Court East Puyallup WA 98372.

4.2    Plaintiff also has a 1/3 ownership interest in the properties common known as 11305 58th Street Court East, Puyallup, WA 98372 (Parcel #0420224137) and 50%  in 117.8 Kitsap County Acres (Parcel #292602-1-054-2004) (Undivided 9/270 Interest) and Estate fully titled interest 5818 Milwaukee Ave East Puyallup, WA (Parcel #2245000400) and Duplex 10915/10917 58th St. Ct. E. Puyallup, WA (Parcel #2245000410); (hereafter the "Collective Properties).

---

[11] (Docket No 23) Case 19-5772 United States District Court
for the Western District of Washington Tacoma Division

4.3     These Collective Properties improperly remain as part of the jurisdiction of the Chapter 7 Bankruptcy Estate[12].

4.4     The Trustee filed a Motion to Abandon the Property[13] commonly known as 11305 58th St Court E Puyallup, WA 98371 (hereafter "11305"). After a hearing an Order[14] was entered by the Bankruptcy Court authorizing the abandonment of the 11305 Property by the estate.

4.5     The issues raised by the Trustee at the hearing were that the Court would allow him to abandon the asset pursuant to 11 U.S.C. §554(a). "As the real property is currently co-owned by the Debtors and a third-party, Ted Spice." The specific issue raised by the Trustee, at the hearing[15] and in his motion, were related to the value of the 11305 Property.

4.6     In the Trustee's Motion goes on to state "A previous property, where both parties shard joint-ownership, required significant time and litigation to establish percentageship of ownership and authorization for the Trustee to sell the asset. In that case there was enough equity in the property to justify the Trustee's pursuit of selling the asset. However, in this case, the percentage of ownership in the asset is still being litigated and the sell of the property, which would only net the Estate approximately $15,000.00."

4.7     The Plaintiff is requesting Injunctive Relief to prevent the further sale, transfer, liquidation or otherwise of the Collective Properties by the Trustee. As the Trustee noted in his Abandonment Reply[16] "The Trustee disagrees and believes the remainder of the proceedings should be concluded in this court. The Trustee intends to put for sale the last two real properties within a week or so. He is waiting on the approval of one of the secured creditors' for a short sale of the relevant real property."

---

[12] See Case No. 13-46104-BDL
[13] See Docket No. 574
[14] See Docket No. 582
[15] See Docket No. 580
[16] See Docket No. 579

LAW OFFICES OF TUELLA O. SYKES
2101 FOURTH AVE, SUITE 860
SEATTLE, WA 98121

4.8     The Plaintiff has a 1/3 interest in the 11305 58th St Court E Puyallup, WA 98371 Property

and his fear for loss of his interest in this property is an imminent fear based on the Trustee's

own statements.

4.9     The 11003 property was sold for $1,000,000 to Bryan Bartelson owner 5502 LLC and

Milwaukee Ave., LLC on July 31, 2019 by the Bankruptcy Court's June 10, 2019 Order[17].

4.10    Spice had lived on the 11003 property for 7 years but owned it for 16 years, owned the

mobile home he resided in, and had no other place to live at the time of the sale. Findings of Fact

and Conclusions of Law at 7, 13[18].

4.11    "The Court [found] that Mr. Spice would be entitled to receive over $100,000 in sale

proceeds if his 25% interest [was] sold . . . [and] Mr. Spice will have the opportunity to challenge

some of the liens and assert the priority of his homestead claim against the proceeds." Id. at 9.

4.12    The Trustee filed a Complaint on September 16, 2019 for Interpleader and Declaratory

Relief[19] to interplead the funds from the forced sale of Spice's home into the Court instead of

distributing the funds directly to Spice.

4.13    The Trustee described the property that is the subject of the interpleader action as the

"funds that were received from the sale of real property. The IRS has a valid lien against the

proceeds received from the sale. There are also other lien claimants against the funds. I have

been ordered by the Bankruptcy Court to interplead those funds to a court of proper jurisdiction

to decide the relative priorities of Ted Spice and the lien Claimants[20]."

4.14    In the Interpleader Complaint the Trustee identified the Property in controversy as worth

$124,769.28.  This is incomplete total of the funds since 25% total of $1,000,000 proceeds

constitutes $250,000.

[17] See Docket No. 560 13-46104-BDL
[18] See Docket No. 202
[19] See Docket No. 23 Case No. 19-05772-TLF
[20] See Docket No. 23 ¶AP.6

**PLAINTIFF'S COMPLAINT FOR DECLARATORY & INJUNCTIVE
RELIEF** - Page 12 of 23

**LAW OFFICES OF TUELLA O. SYKES
2101 FOURTH AVE, SUITE 860
SEATTLE, WA 98121**

4.15    The IRS filed an Answer[21] on November 15, 2019 asserting that the Plaintiff[22] has not deposited the interpleader funds into the Court's funds into the Court's registry pursuant to 28 U.S.C §1335 and that there is a pending Motion to Leave to Deposit Funds into Court Registry filed by Plaintiff.[23]

4.16    The IRS asserted a claim to the interpleader funds in the Interpleader Complaint, as of November 14, 2019 in the amount of $50,666.67 against the Plaintiff's proceeds from the sale (i.e. $124,769.28).

4.17    In the Trustee's Interpleader Complaint, he states that "there are multiple parties claiming an interest in the funds. One of them is the IRS, through a federal tax lien. Referenced above is the Court's Order establishing the Bankruptcy Court's lack of jurisdiction over the matter and for me to interplead the funds to a court of proper jurisdiction." Attached as Exhibit B is a true and correct copy of the Bankruptcy Courts Order[24] Granting Trustee's Motion to Approve the Sale of the Estate's and Co-Owner Ted Spice's Interests in the Property Located at 11003 58th St. Ct. E. Free and Clear of Liens Pursuant to 11 U.S.C. §363.

4.18    The Court of Appeals Division II (hereafter "COA") issued an unpublished opinion on October 15, 2019 which is the basis of this declaratory relief. A true and correct copy of the COA unpublished opinion is attached as Exhibit C.

4.19    The COA stayed the proceeding pending the Bankruptcy Court's decision.[25]

4.20    Spice, DuBois and Mathews' Estate Lifted Stay in 2014.

---

[21] See Docket No. 40
[22] See ¶16 P. 5
[23] See Docket No. 28
[24] See Docket No. 560 Case No. 13-46104-BDL
[25] Order Staying Appeal, Spice v. Estate of Mathews, No. 50915-6-II, (Wash. Ct. App. May 20, 2019)

4.21    An Agreed Order[26] Granting Immediate Relief From Stay as to the Bank of New York Mellon was entered by the Bankruptcy Court as to the real property commonly known as: 5818 Milwaukee Ave E, Puyallup, WA 98372 Property on October 8, 2014.

4.22    An Order[27] on Granting Relief From Stay as to RRA CP Opportunity Trust I, its assignees and or successors, by and through its servicing agent Real Time Resolutions, Inc. was entered as to the real property commonly known as: 11003 58th Street East, Puyallup, WA 98372, on November 3, 2017.

4.23    An Order[28] Terminating the Automatic Stay was Granted as to the real property located at: 11305 58th Street Ct E, Puyallup, WA 98372 on January 10, 2019.

4.24    The Bankruptcy Court subsequently ordered the sale of the property which was co-owned by the Plaintiff and Dubois bankruptcy estate[29] under 11 U.S.C. §363(h) for the property commonly known as 11003 58th St. Ct. E.

4.25    In the COA's order it references the following "The bankruptcy court's findings of fact and conclusions of law related to that order state, 'This assumes that Mr. Spice actually has a valid claim for waste against the Duboises or the estate, which the Court is by no means convinces of.' Findings of Fact and Conclusions of Law, at 13-14; In re Dubois, No. 13-46104-BDL, (Bankr. W. Wash. June 10, 2019)."[30]

4.26    The COA order states "In other words, the bankruptcy court left Spice's claims against the Estate to be resolved by the superior court. Following the bankruptcy court's decision, we lifted the stay on this case. Order Lifting Stay, Spice Estate Mathews, No. 50915-6-II, Wash. Ct.

---

[26] See Docket No. 168
[27] See Docket No. 425
[28] See Docket No. 470
[29] See Docket No. 560 Case No. 13-46104-BDL
[30] See In re Spice v. Estate of Doris Mathews, Case No. 50915-6-II (Wash. Ct. App.)

PLAINTIFF'S COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF - Page 14 of 23

LAW OFFICES OF TUELLA O. SYKES
2101 FOURTH AVE, SUITE 860
SEATTLE, WA 98121

App. July 16, 2019."[31] Attached as Exhibit D is a true and correct copy of the Order Lifting Stay in the Spice Estate Mathews No. 50915-6-II, Wash. Ct. App. July 16, 2019.

4.27    The COA specifically held that (1) state courts have jurisdiction over Spice's claims; the bankruptcy discharge precludes only those claims against Donna and Mark personally that accrued prior to discharge…(4) neither res judicata nor collateral estoppel prevent consideration of Spice's clams…(7) Spice raised material questions of fact regarding his claims for waste fraudulent transfers, but not regarding agents acting beyond authority or fraudulent misrepresentations[32].

4.28    In the COA's Order the stated that "[h]owever, we have the power to determine the applicability of a discharge order when discharge is raised as a defense to state law claims filed in state court. Herring v. Texaco, Inc. 161 Wn.2d 189, 195, 164 P.3d 4 (2007)[33]."

4.29    In the COA's analysis finding that State Courts have jurisdiction to resolve Spice's claims it went on to state the following:

> Here, the bankruptcy estate's interest in the properties cannot be broader than Donna's See Northwest Wholesale 184 Wn.2d at 188. Because Donna's interest remains subject to the completion of probate. As a result, Spice's probate claims against the Estate cannot be barred by bankruptcy discharge[34].

> The property interest that comprise the property of the Bankruptcy Estate, the debtor's rights to property is ae determine by state law. *Northwest Wholesale, Inc. V Pac Organic Fruit, LLC, 184 Wn 2nd 176, 187,357, P. 34 650 (2015).*

> "Until the Estate is closed, the heirs may not treat estate real property as their own". *In re Estate of Jones, 152 Wn. 2d I, 14, 93 ap. 3d 147 (2004).* Further, because a property interest is subject to claims against an estate during probate, probate proceedings may alter an heir's interest. *RCW*

[31] *Id*
[32] See In re Spice v. Estate of Doris Mathews, Case No. 50915-6-II (Wash. Ct. App.)
[33] *Id*
[34] The Estate argues that Spice agreed to the jurisdiction of the bankruptcy court by filing counterclaims. The Estate does not cite any law to support this contention. Although federal courts may exercise subject matter jurisdiction over state law counterclaims under Title 11, 28 U.S.C. §157, federal courts may abstain from hearing state law claims related to Title 12, 28 U.S.C. §1334.

11.04.250; *see In re Peterson's Estate, 12 Wn. 2nd 686, 735-35, 123 P. 2d 733 (1942).*

Donna's interest has been and remains to be, subject to the probate proceeding. Until the probate proceed is completed, Donna's interest— now her bankruptcy interest, is subject outcomes of probate...As a result, state court have jurisdiction to adjudicate probate claims against the estate.

## V.   CAUSES OF ACTION

**A.   FIRST CAUSE OF ACTION- CLAIM FOR DECLARATY RELIEF UNDER THE DECLATORY RELIEF UNDER THE DECLATORY JUDGEMENT ACT (28 U.S.C. §2201, *et. seq.*)**

**Plaintiff re-alleges each and every allegation as set forth above.**

5.1     Pursuant to 28 U.S.C. §2201(a) and/or Uniform Declaratory Judgment Act, Chapter 7.24 RCW, there exists actual and justiciable controversies within the jurisdiction of this Court as to which the Court may declare rights, status or other legal relations of the parties as alleged herein regarding the property rights of the parties. Resolving the issue of jurisdiction as to the Plaintiff, depositing of the entire proceeds from the July 30, 2019 sale of the 11003 58th St. Ct. E., Puyallup, WA (Parcel #7705000191) into this Court's Registry.

5.2     Plaintiff respectfully request that the Court provide declaratory relief in accordance with the Declaratory Judgment Act from the Interpleader Action filed in this Court on September 7, 2019 and direct the Trustee to release the $124,769.28 directly to Ted Spice or depositing of the entire proceeds from the July 30, 2019 sale of the 11003 58th St. Ct. E., Puyallup, WA (Parcel #7705000191) into this Court's Registry.

5.3     Plaintiff respectfully request that the Court provide declaratory relief in accordance with the Declaratory Judgment Act from the Interpleader Action filed in this Court on September 7, 2019 and direct the Trustee, to interplead the entire proceeds from the July 30, 2019 sale of the 11003 58th St. Ct. E., Puyallup, WA (Parcel #7705000191) in the Court Registry.

5.4     Plaintiff request that the Court issue findings of fact and conclusions of law regarding the Amended Interpleader Complaint. As regarding the property at issue being the $124,769.28 funds that were to be deposited into the registry of the Court by Brian L. Budsberg, Chapter 7 Bankruptcy Trustee.

**B.      SECOND – CAUE OF ACTION - CLAIM FOR DECLARATY RELIEF UNDER THE DECLATORY RELIEF UNDER THE DECLATORY JUDGMENT ACT (28 U.S.C. §2201,** *et. seq.***)**

**Plaintiff re-alleges each and every allegation as set forth above.**

5.5     Plaintiff respectfully request that the Court provide declaratory relief in accordance with the Declaratory Judgment Act from the Mark L DuBois and Donna E DuBois Chapter 7 Bankruptcy Case No. 13-46104 filed in the Western District of Washington as filed on September 26, 2013, as a Chapter 11 and converted to a Chapter 7, on January 6, 2016.

5.6     Plaintiff respectfully request that the Court provide declaratory relief as noted in light of the Plaintiff's claims and the Court of Appeals Division II holding specifically paragraphs 1, 2,3,4 and 7,[35] dated October 15, 2019.

5.7     Plaintiff respectfully request this court stay the proceedings as to all the Plaintiff's Collective Properties in the Mark L DuBois and Donna E DuBois Chapter 7 Bankruptcy Case No. 13-46104 commonly known as: 11305 58th Street Court East, Puyallup, WA 98372 (Parcel #0420224137) and 50%  in 117.8 Kitsap County Acres (Parcel #292602-1-054-2004) (Undivided 9/270 Interest) and Estate fully titled interest 5818 Milwaukee Ave East Puyallup, WA(Parcel#2245000400) and Duplex 10915/10917 58th St. Ct. E. Puyallup, WA (Parcel #2245000410) under Case No. 13-46104-BDL, in light of the COA's October 15, 2019 findings.

---

[35] See Spice v. Dubois, No. 50915-6-II (Wash. Ct. App. Oct. 15, 2019) (unpublished)

**PLAINTIFF'S COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF -** Page 17 of 23

5.8     Plaintiff request that the Court issue findings of fact and conclusions of law and, damages, regarding the Collective Properties that remain as part of the Chapter 7 Bankruptcy Estate[36].

5.9     Plaintiff respectfully request findings of facts and conclusions of law that the Defendant, Donna DuBois, is held to surrender title to the Properties pursuant to RCW 7.28.010 and 28 U.S.C. 2409(a).

5.10    Plaintiff respectfully request findings of facts and conclusions of law that he is entitled to a declaration pursuant to the Uniform Declaratory Judgment Act, Chapter 7.24 RCW, and the Federal Quiet Title Act, 28 USC 2401, that title to the Collective Properties[37] is vested in Plaintiff.

5.11    A judicial determination of the respective rights of Plaintiff and Defendant with respect to the Collective Properties will provide a final and conclusive determination of the controversy between the parties.

5.12    Plaintiff is entitled to a declaration that title to the Collective Properties is vested in the Plaintiff.

5.13    Plaintiff is entitled to a judicial determination of the proper jurisdiction of the Collective Properties.

**C.      THIRD CAUSE OF ACTION - INJUNCTIVE RELIEF**
**Plaintiff re-alleges each and every allegation as set forth above.**

5.14    The Plaintiff is entitled to injunctive relief, as the Trustee's statements[38] to sell the Collective Properties, knowing the COA's October 15, 2019 decision that the material questions

---

[36] 13-46104-BDL
[37]  Plaintiff has 25% interest in properties 11003, 11004, 11007 and 11011.
[38]  See Docket No. 580

PLAINTIFF'S COMPLAINT FOR DECLARATORY & INJUNCTIVE
RELIEF - Page 18 of 23

LAW OFFICES OF TUELLA O. SYKES
2101 FOURTH AVE, SUITE 860
SEATTLE, WA 98121

of fact raised by Spice regarding his claims for waste and fraudulent transfers[39], is in derogation

of the Plaintiff's rights and results in substantial and continuing harm to the Plaintiff.

5.15     Accordingly, the Plaintiff is entitled to injunctive relief, as monetary damages may not be

an adequate remedy, to prevent the Trustee's continued interference from the following:

5.15.1  Trustee Budsberg in his official capacity or in his personal capacity via Budsberg

Law Group, PLLC is to refrain from any further litigation regarding the Plaintiff's

Collective Properties in the Mark L DuBois and Donna E DuBois Chapter 7 Bankruptcy

Case No. 13-46104 commonly known as: 11305 58th Street Court East, Puyallup, WA

98372 (Parcel #0420224137) and 50%  in 117.8 Kitsap County Acres (Parcel #292602-1-

054-2004) (Undivided 9/270 Interest) and Estate fully titled interest 5818 Milwaukee

Ave East Puyallup, WA(Parcel#2245000400) and Duplex 10915/10917 58th St. Ct. E.

Puyallup, WA (Parcel #2245000410);

5.15.2  Request Trustee Brian Budsberg withdraw as the Chapter 7 Trustee from the

Bankruptcy Case No. 13-46104. The Trustee is currently involved in litigation with the

Plaintiff[40]. The Plaintiff filed cross claims on January 18, 2018[41] and a "bifurcated trial

was held in this case on May 15, 2019 solely as to Trustee Brian Budsberg's claim under

11 U.S.C. §363(h) to allow the sale of both the bankruptcy estate's interest in property

commonly known as 11003 58th St. Ct. E. Puyallup, WA (including several other

mailing addresses on the same parcel), and the 25% co-owner interest of defendant Ted

Spice"[42]. Factual statements were raised, within the Plaintiff's cross-claims that are

specific to the actions of the Trustee and the Plaintiff's interests in the Collective

---

[39]    See In re Spice v. Estate of Doris Mathews, Case No. 50915-6-II (Wash. Ct. App.)
[40] See Case No. 17-04010
[41]    *Id*
[42] See Docket No. 202 Case No. 17-04010

LAW OFFICES OF TUELLA O. SYKES
2101 FOURTH AVE, SUITE 860
SEATTLE, WA 98121

Properties, which go to the heart of the Plaintiff's request for injunctive relief. Attached

as Exhibit E is a true and correct copy of the Plaintiff's Answer to Amended Complaint.

5.15.3  Stay any further proceedings regarding the Plaintiff's CollectiveProperties in the

Mark L DuBois and Donna E DuBois Chapter 7 Bankruptcy Case No. 13-46104

commonly known as: 11305 58th Street Court East, Puyallup, WA 98372 (Parcel

#0420224137) and 50%  in 117.8 Kitsap County Acres (Parcel #292602-1-054-2004)

(Undivided 9/270 Interest) and Estate fully titled interest 5818 Milwaukee Ave East

Puyallup, WA(Parcel#2245000400) and Duplex 10915/10917 58th St. Ct. E. Puyallup,

WA (Parcel #2245000410) under Case No. 13-46104-BDL until the Pierce County

Superior Court Probate Case No. 10-4000375 has determined the right and title of the

Collective Properties.

5.15.4  Any and all proceeds from the sale, transfer of any of the Collective Properties are

to be deposited into the Court's Registry in their entirety.

5.16    The Plaintiff will suffer irreparable injury if the injunction is not placed as enumerated

above in relation to the Collective Properties as to the his claims for fraudulent title transfers and

claims for waste will have been forever lost and monetary damages will not satisfy his personal

title interest in the properties if the Defendants are not enjoined against further actions against

the Plaintiff's interest.

5.17    The Plaintiff will suffer irreparable injury if the injunction is not placed as enumerated

above in relation to the Collective Properties as to his claims for fraudulent title transfers and

claims for waste[43] will have been forever lost and monetary damages will not satisfy his personal

title interest in the properties.

5.18    The Plaintiff will suffer irreparable injury if the injunction is not placed as enumerated

---

[43]   See In re Spice v. Estate of Doris Mathews, Case No. 50915-6-II (Wash. Ct. App.)

LAW OFFICES OF TUELLA O. SYKES
2101 FOURTH AVE, SUITE 860
SEATTLE, WA 98121

above in relation to the Collective Properties and the Trustee is not required to place all proceeds from the sale of any of the Collective Properties into the Court's Registry.

## VI.    REQUEST FOR RELIEF

6.1    Plaintiff respectfully request that the Court enter judgment granting the relief requested as enumerated below:

6.2    A declaratory judgment or judgment declaring the rights and legal status of Ted Spice, et al as prayed in the First Cause of Action

6.3    A declaratory judgment or judgment declaring the rights and legal status of Ted Spice, Donna E DuBois and Mark DuBois as prayed in the Second Cause of Action.

6.4    A declaratory judgment or judgment declaring the rights and legal status of Ted Spice and Brian Budsberg in the Third Cause of Action.

6.5    Injunctive relief including an injunction barring further interference, by the Trustee Brian Budsberg, with any of the Collective Properties commonly known as: 11305 58th Street Court East, Puyallup, WA 98372 (Parcel #0420224137) and 50% in 117.8 Kitsap County Acres (Parcel #292602-1-054-2004) (Undivided 9/270 Interest) and Estate fully titled interest 5818 Milwaukee Ave East Puyallup, WA(Parcel#2245000400) and Duplex 10915/10917 58th St. Ct. E. Puyallup, WA (Parcel #2245000410) under Case No. 13-46104-BDL.

6.6    That this Court immediately Stay the Chapter 7 Western District Court Bankruptcy Court Case No. 13-46104 as related to the properties commonly known as 11305 58th Street Court East, Puyallup, WA 98372 (Parcel #0420224137); 50% in 117.8 Kitsap County Acres (Parcel #292602-1-054-2004) (Undivided 9/270 Interest); Estate fully titled interest 5818 Milwaukee Ave East Puyallup, WA (Parcel #2245000400); Duplex 10915/10917 58th St. Ct. E. Puyallup, WA (Parcel #2245000410) under Case No. 13-46104-BDL pursuant to the Court of Appeals

holding: (1) state courts have jurisdiction over Spice's claims; the bankruptcy discharge precludes only those claims against Donna and Mark personally that accrued prior to discharge…(4) neither res judicata nor collateral estoppel prevent consideration of Spice's clams…(7) Spice raised material questions of fact regarding his claims for waste fraudulent transfers, but not regarding agents acting beyond authority or fraudulent misrepresentations[44], pending this Court's entry of declaratory judgment.

6.7     That this Court enter judgment in favor of Plaintiff, Ted Spice for all damages including reasonable attorney's fees caused by Defendants' wrongful acts.

6.8     That this Court vest title, to the Plaintiff, to the remaining four properties commonly known as Kitsap Acreage, 5818 Milwaukee House (Parcel #2245000410), 10915/17 Duplex (Parcel #2245000410) and 11305 House (Parcel #0420224137).

6.9     That this Court direct any and all proceeds from the sale of any of the Collective Properties commonly known as: 11305 58th Street Court East, Puyallup, WA 98372 (Parcel #0420224137) and 50%  in 117.8 Kitsap County Acres (Parcel #292602-1-054-2004) (Undivided 9/270 Interest) and Estate fully titled interest 5818 Milwaukee Ave East Puyallup, WA (Parcel#2245000400) and Duplex 10915/10917 58th St. Ct. E. Puyallup, WA (Parcel #2245000410) under Case No. 13-46104-BDL into the this Court's Registry.

6.10     That this Court direct the withdrawal of the current Chapter 7, Brian Budsberg, in his official capacity as Trustee from the Chapter 7 Bankruptcy Case No. 13-46104-BDL.

6.11     That this Court award special damages to include out-of-pocket expenses, and any and all loss financially incurred and caused by Defendants' fraudulent transfers and waste.

6.12     General damages for Plaintiff and other damages allowed under federal law in amounts to be proven at time of trial;

---

[44] See In re Spice v. Estate of Doris Mathews, Case No. 50915-6-II (Wash. Ct. App.)

6.13    For such relief as the Court deems just and equitable.

Dated this 6th day of January, 2020.

/s/ Tuella O. Sykes
Tuella O. Sykes, WSBA# 36179
Attorney for Ted Spice