UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TED SPICE,

                Plaintiff,

    v.

INTERNAL REVENUE SERVICE, et. al.,

                Defendants.

CASE NO. 20-5005 RJB

ORDER ON MOTION TO DISMISS

      This matter comes before the Court on Defendant Bryan Bartelson's Motion to Dismiss. Dkt. 14. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

      This dispute involves several properties the Plaintiff asserts were owned by himself and/or by him and Doris Mathews, who died in 2009. Dkt. 1. The personal representative of the Estate of Doris Mathews, Donna DuBois, and the Plaintiff have been engaged in protracted litigation in both the state courts and in U.S. Bankruptcy Court (when Donna DuBois declared bankruptcy). *Id.* A purchaser of one of the properties, commonly known as 11003 58th St. Ct. E. Puyallup WA, ("11003 property"), Defendant Bryan Bartelson, now moves for dismissal of the

ORDER ON MOTION TO DISMISS - 1

claims against him, with prejudice, for failure to state a claim. Dkt. 14. For the reasons provided below, the motion (Dkt 14) should be granted, in part, and the claims against him dismissed without prejudice.

## I.     FACTS AND PROCEDURAL HISTORY

### A. FACTS

The Complaint asserts various actions by the Defendants and seldom mentions Bartelson. Dkt. 1. As it relates to Defendant Bartelson or the 11003 property, the Complaint asserts that in November of 2014, Donna Dubois, as the personal representative of the Estate, conveyed the property to herself personally in contempt of two court orders. Dkt. 1, at 3. The Plaintiff asserts that by order of the Pierce County Superior Court, those transfers were vacated. *Id.* The Plaintiff maintains that soon after that order, on March 18, 2015, Ms. Dubois again recorded additional quit claim deeds (including one to the 11003 property) conveying her personal interest in the properties back to herself as personal representative of the Estate, against court orders. *Id.* The Plaintiff maintains that he discovered these "fraudulent title transfers" in February of 2017. *Id.,* at 4-5. The Plaintiff asserts that he filed claims against the Estate, Ms. Dubois and others in state court related to those transfers and the state superior court dismissed those claims on summary judgment. *Id.*

According to the Complaint, on July 30, 2019, by motion of the Trustee of Donna DuBois's bankruptcy estate, Trustee Brian Budsberg, the Bankruptcy Court for the Western District of Washington entered an Order Granting Trustee's Motion to Approve the Sale of the Estate's and Co-Owner Ted Spice's Interest in the Property Located at 11003 58th St. Ct. E. Free and Clear of Liens Pursuant to 11 U.S.C. § 363. Dkt. 1, at 4; *In re DuBois*, Western District of Washington Bankruptcy Case number 13-46104-BDL Dkt. 560. The Complaint alleges that "the

conveyed 11003 property was a fraudulently conveyed asset subject to Spice's Creditor's Claims, Liens and Lis Pendins [sic] to Bryan Bartelson for $1,000,000 with 'no conditions – as is.'" Dkt. 1, at 4. It claims that "[t]he July 30, 2019 sale of the 11003 property to Bartelson was transacted in bad faith, less then arms transaction, as Spice had pending superior court judgments and [Court of Appeals] litigation regarding Bartelson." *Id.*, at 5-6. The Complaint again states that "the 11003 property was sold for $1,000,000 to Bryan Bartelson owner 5502 LLC and Milwaukee Ave., LLC on July 31, 2009 by the Bankruptcy Court's June 10, 2019 Order." *Id.,* at 12.

After the Bankruptcy Court issued the July 30, 2019 Order, on October 15, 2019, the Washington State Court of Appeals, Division II issued a decision and held, in part, that the trial court improperly granted the Estate's motion for summary judgment related to Spice's (Plaintiff here) claims regarding fraudulent transfer of the 11003 property. *Spice v. Estate of Doris Mathews, et al.*, Washington Court of Appeals Division II case number 50915-6-II; filed in the record at Dkt. 1-3.

After the 11003 property was sold to Defendant Bartelson, the Complaint notes that Trustee Budsberg filed an interpleader action in this Court, *Budsberg v. Spice, et. al.,* Western District of Washington case number 19-5772-RJB, and deposited the proceeds of this sale into this Court's registry. *Id.*

In the Complaint in this case, the Plaintiff seeks declaratory relief and damages against Trustee Budsberg and others but does not mention seeking relief against Defendant Bartelson.

In response to the Motion to Dismiss, the Plaintiff filed a proposed amended complaint. (He does not move to amend the complaint, but states that he intends to do so soon). In addition to the above allegations, as it arguably relates to the 11003 property and/or it Bartelson, the

ORDER ON MOTION TO DISMISS - 3

proposed amended complaint seeks a declaration that title to the "Collective Properties" (although it is unclear whether the 11003 property is included) is vested in Plaintiff. Dkt. 18-1, at 18.

### B. PENDING MOTION

In the pending motion, Bartelson moves for dismissal of the case against him with prejudice. Dkt. 14. He asserts that the Plaintiff fails to state a claim against him. *Id.* The Plaintiff responds, asserts that he has stated a claim, and maintains that his proposed amended complaint also makes claims against Bartelson. Dkt. 18. The Plaintiff objects to Bartelson's use of the phrase that he owns 11003 "in fee simple" as reference to evidence outside the complaint. *Id.* While the Plaintiff states he intends to file a motion for leave to amend the complaint, he does not do so in this response, and states that he intends to do so soon. *Id.*

Defendant Bartelson has replied and asserts his motion should be granted. Dkt. 19. The motion is ripe for review.

## II. DISCUSSION

### A. CONSIDERATION OF OUTSIDE ASSERTIONS

For purposes of this motion, the Court will disregard any assertions about whether Bartelson now owns the 11003 property in fee simple.

### B. STANDARD FOR MOTION TO DISMISS

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

ORDER ON MOTION TO DISMISS - 4

need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

### C. MOTION TO DISMISS

Defendant Bartelson's motion to dismiss (Dkt. 14) should be granted and the case dismissed against him without prejudice. The Plaintiff fails to plead any facts against Bartelson in either his complaint or proposed amended complaint that would entitle Plaintiff to relief. The Complaint states that Bartelson purchased the property on order by the U.S. Bankruptcy Court. While it refences "fraud," "bad faith," and "less then arms transaction," neither the Complaint nor the proposed amended complaint assert a single fact to support these claims. It is not inconceivable that the Plaintiff could properly plead a claim against Bartelson, but in the first two attempts, the Plaintiff has not done so. Accordingly, the dismissal should be without prejudice.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- Defendant Bryan Bartelson's Motion to Dismiss (Dkt. 14) **IS GRANTED, IN PART**; and

- The claims asserted against him **ARE DISMISSED WITHOUT PREJUDICE**.

1  The Clerk is directed to send uncertified copies of this Order to all counsel of record and
2  to any party appearing *pro se* at said party's last known address.
3  Dated this 16th day of March, 2020.

_____
ROBERT J. BRYAN
United States District Judge