1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TED SPICE,

                    Plaintiff,

        v.

INTERNAL REVENUE SERVICE, et. al.,

                    Defendants.

CASE NO. 20-5005 RJB

ORDER ON MOTIONS TO
DISMISS AND VARIOUS OTHER
MOTIONS

        This matter comes before the Court on Defendants U.S. Bankruptcy Trustee Brian L.

Budsberg, Budsberg Law Group, PLLC, ("Budsberg Law") and the Estate of Mark and Donna

Dubois' ("Dubois Bankruptcy Estate") Motion to Dismiss (Dkt. 21), Defendants Donna E.

Dubois and the Estate of Doris E. Mathews' ("Mathews Estate") Motion to Dismiss (Dkt. 23),

Plaintiff's Motion to Shorten Time (Dkt. 36) and Plaintiff's Motion for Leave to File an

Amended Complaint (Dkt. 37).  The Court has considered the pleadings filed in support of and in

opposition to the motions and the file herein.

        This dispute involves several properties that the Plaintiff asserts were owned by himself

and/or by him and Doris Mathews, who died in 2009.  Dkt. 1.  The personal representative of the

1   Mathews Estate, Donna Dubois, and the Plaintiff have been engaged in protracted litigation in

2   both the state courts and in U.S. Bankruptcy Court (when Donna Dubois and her husband, Mark

3   Dubois, declared bankruptcy).  *Id.*  Bryan Bartelson, a purchaser of one of the properties,

4   commonly known as 11003 58th St. Ct. E. Puyallup WA, ("11003 property"), was dismissed

5   from this case without prejudice because the Plaintiff failed to state a claim against him.  Dkt. 20.

6   Defendants U.S. Bankruptcy Trustee Brian L. Budsberg, Budsberg Law, the Dubois Bankruptcy

7   Estate (collectively "Budsberg Defendants"), Donna Dubois, and the Mathews Estate now move

8   for dismissal of the claims against them.  Dkts. 21 and 23.  After having been given a three-week

9   extension of time to respond, the night before these motions were ripe, the Plaintiff filed his

10  motion to shorten time and motion for leave to file an amended complaint.  Dkts. 36-37.  For the

11  reasons provided below, the Plaintiff's motion to shorten time (Dkt 36) should be denied, the

12  motion for leave to file an amended complaint (Dkt. 37) renoted, and the Budsberg Defendants'

13  motions to dismiss (Dkt. 21) should be granted and Donna Dubois and the Mathews Estate's

14  motion to dismiss (Dkt. 23) should be granted.

15                          I.      **FACTS AND PROCEDURAL HISTORY**

16      **A.  FACTS**

17          The Complaint, brought pursuant to the Declaratory Judgment Act, 28 U.S. § 2201, *et.*

18  *seq.*, seeks declaratory relief and damages.  Dkt. 1.  The Plaintiff asserts that he is the owner, or

19  partial owner, in several properties, including: "the property commonly known as 11011, 11003

20  Triplex, 11004, 11007 with a Parcel of Land (Parcel #7705000191)," "two Manufactured Homes

21  located at 11003 58th Street Court East Puyallup," Washington, "the properties common[ly]

22  known as 11305 58th Street Court East, Puyallup," "117.8 Kitsap County Acres (Parcel #292602-

23  1-054-2004) (Undivided 9/270 Interest) and Estate fully titled interest 5818 Milwaukee Ave East

24

Puyallup," and "Duplex 10915/10917 58th St. Ct. E. Puyallup. . ." *Id.*, at 7. The Complaint maintains that Plaintiff's former business partner with some interest in some of these properties, Doris Mathews, died in 2009, and her daughter, Donna Dubois, became the personal representative of the Mathews Estate. *Id.*, at 2. The Mathews Estate was probated in Pierce County Superior Court under case number 10-4-0037-5. *Id.* Over the course of the next several years, the Plaintiff filed multiple cases (some of which were consolidated with the probate case) against the Mathews Estate regarding the real properties. *Id.*

The Complaint asserts that in November of 2014, Donna Dubois, as the personal representative of the Mathews Estate, conveyed five of the properties (including the 11003 property) to herself personally in contempt of two court orders. *Id.*, at 3. The Plaintiff asserts that by order of the Pierce County Superior Court, those transfers were vacated. *Id.* The Plaintiff maintains that soon after that order, around March 18, 2015, Ms. Dubois recorded additional quit claim deeds (including one to the 11003 property) conveying her personal interest in the properties back to herself as personal representative of the Mathews Estate, against court orders. *Id.* The Plaintiff maintains that he discovered these "fraudulent title transfers" in February of 2017. *Id.,* at 4-5. The Plaintiff asserts that he filed claims against the Mathews Estate, Ms. Dubois and others in state court related to those transfers and asserted claims for waste. *Id.* He asserts that the state superior court dismissed those claims on summary judgment. *Id.* He maintains that the Washington State Court of Appeals, Div. II, reversed, in part, and remanded the case because there were issues of fact related to his waste claim against the Mathews Estate. *Id.* The Complaint maintains that the state superior court dismissed some of his claims and transferred some of his claims to the U.S. Bankruptcy Court. *Id.*

1        In the middle of the state court litigation, Mark and Donna Dubois declared bankruptcy in

2 the U.S. Bankruptcy Court for the Western District of Washington. *In re DuBois*, Western

3 District of Washington Bankruptcy Case number 13-46104-BDL. Brian Budsberg was

4 appointed trustee for the Dubois Bankruptcy Estate by the U.S. Bankruptcy Court. *Id.* The

5 Complaint maintains that "[b]etween Jan. 2016 thru July 2019 [Trustee Budsberg] litigated in a

6 manner that obstructed [Plaintiff] Spice's First Right of Refusal. The unlawful 11003 deed

7 ruined Spice's financing so he couldn't purchase 100% of the subject 11003 to proceed with

8 building commercial project and generate value and revenue." Dkt. 1, at 5.

9        On July 30, 2019, the bankruptcy court entered an Order Granting Trustee's Motion to

10 Approve the Sale of the Estate's and Co-Owner Ted Spice's Interest in the Property Located at

11 11003 58th St. Ct. E. Free and Clear of Liens Pursuant to 11 U.S.C. § 363. Dkt. 1, at 4; *In re*

12 *DuBois*, Western District of Washington Bankruptcy Case number 13-46104-BDL Dkt. 560.

13 The Complaint alleges that "the conveyed 11003 property was a fraudulently conveyed asset

14 subject to Spice's Creditor's Claims, Liens and Lis Pendins [sic] to Bryan Bartelson for

15 $1,000,000 with 'no conditions – as is.'" Dkt. 1, at 4. It claims that "[t]he July 30, 2019 sale of

16 the 11003 property to Bartelson was transacted in bad faith, less then arms [sic] transaction, as

17 Spice had pending superior court judgments and [Court of Appeals] litigation regarding

18 Bartelson." *Id.*, at 5-6. The Complaint again states that "the 11003 property was sold for

19 $1,000,000 to Bryan Bartelson owner 5502 LLC and Milwaukee Ave., LLC on July 31, 2009 by

20 the Bankruptcy Court's June 10, 2019 Order." *Id.,* at 12.

21        After the Bankruptcy Court issued the July 30, 2019 Order, on October 15, 2019, the

22 Washington State Court of Appeals, Division II issued a decision and held, in part, that the trial

23 court improperly granted the Mathews Estate's motion for summary judgment related to Spice's

1   (Plaintiff here) claims regarding waste and fraudulent transfer of the properties. *Spice v. Estate*

2   *of Doris Mathews, et al.*, Washington Court of Appeals Division II case number 50915-6-II; filed

3   in the record at Dkt. 1-3. The Court of Appeals remanded the case to the superior court for

4   further adjudication on the Plaintiff's waste and fraudulent transfer claims. *Id.* The Washington

5   Court of Appeals expressly stated that it stayed its decision until after the bankruptcy court

6   issued its order. *Id.*

7         After the 11003 property was sold to Defendant Bartelson, the Complaint in this case

8   notes that Trustee Budsberg filed an interpleader action in this Court, *Budsberg v. Spice, et. al.*,

9   Western District of Washington case number 19-5772-RJB, and deposited the proceeds of this

10   sale into this Court's registry. *Id.* The Complaint further alleges:

> 11   In a clear effort to leave Mr. Spice homeless, no money and ultimately nothing,
> 12   the Trustee interpleaded Spice $124,000 homestead exemption in district court to
>      crave up among invalid and valid creditors. A portion of judgments are non-
>      existent or creditor claims were resolved. Spice a Successor in Interest is not
> 13   required to use his proceeds from the sale of his 11003 asset to pay off the
>      Mathews' Estate Mortgage. The Trustee confiscated Spice's remaining $126,000
> 14   proceeds and paid off Bank America's $446,000 mortgage despite Servicer Real
>      Time Resolution Notification under CFPB, Consumer Protection and Truth &
> 15   Lending Act, HUD Disclosures and ALTA RESPA Laws, that Spice is not
>      required to pay off the mortgage. Spice seeks to have all $250,000 of his funds
> 16   interplead and released to him.

17   *Id.*, at 6.

18         As relief, the Complaint seeks an order "directing" Trustee Budsburg to interplead all the

19   proceeds from the sale of the 11003 property and an order staying all bankruptcy proceedings

20   related to any of the properties in which he has an interest. *Id.* He seeks a declaration that

21   Donna Dubois "surrender" the properties to Plaintiff and that title is vested in his name. *Id.*

22   Plaintiff seeks an injunction prohibiting Trustee Budsberg from continuing to litigate in the

23   Dubois' bankruptcy case and that he be ordered to withdraw as trustee. *Id.* He seeks an order

24

1  that "all proceeds from the sale, transfer of the [properties] are to be deposited into the Court's

2  registry in their entirety." *Id.*  The Plaintiff also claims damages and attorneys' fees.  *Id.*

3  B.  **PENDING MOTIONS**

4  Trustee Budsberg, Budsberg Law, and the Dubois Bankruptcy Estate now move for

5  dismissal of the claims against them, arguing that pursuant to the doctrine announced in *Barton*

6  *v. Barbour*, 104 U.S. 126 (1881) ("*Barton* doctrine") this Court does not have subject matter

7  jurisdiction over the claims asserted against them.  Dkt. 21.  They also argue that Trustee

8  Budsberg and Budsberg Law have quasi-judicial immunity against the claims here.  *Id.*  Further,

9  they contend that the claims should also be dismissed based on res judicata and collateral

10  estoppel.  *Id.*  They move for Fed. R. Civ. P. 11 sanctions for Plaintiff's bringing this case

11  against them, arguing that it is clearly barred.  *Id.*

12  The Plaintiff responds and opposes the motion.  Dkt. 28.  He asserts that the Trustee

13  failed to properly administer the bankruptcy estate, for example, that he did not "countersign" an

14  insurance check, should have abandoned property because possession of that property exposes

15  the bankruptcy estate to liability (that of Plaintiff's legal claims), and failed to properly

16  determine the value of the bankruptcy estate.  *Id.*  He maintains he should not be sanctioned.  *Id.*

17  Defendants Donna Dubois and the Mathews Estate move to dismiss the claims asserted

18  against them, arguing that the Plaintiff's claims for waste and fraudulent transfer are the same

19  claims that are before the state court in the probate case (which is now considering the claims

20  remanded from the Washington Court of Appeals) and that this Court does not have jurisdiction

21  over the probate proceedings.  Dkt. 23. They state that trial on the remanded state claims for

22  waste and fraudulent transfer are scheduled to begin on July 20, 2020 in the probate case.  *Id.*

23

24

The Plaintiff responds and opposes the motion.  Dkt. 29.  The Plaintiff then indicates that he does not intend to continue to bring claims against the Mathews Estate as evidenced by the fact that in his proposed amended complaint, he does not name the Mathews Estate.  *Id.*  After discussing court rulings in the probate case (from both the superior court and court of appeals) the Plaintiff argues that the "present issue here is what assets, as related to Spice, does the bankruptcy estate possess."  *Id.*  The Plaintiff fails to address the "probate exception" to federal court jurisdiction but, continues to discuss his claims and the bankruptcy and state court proceedings.  *Id.*

The moving Defendants have filed replies (Dkts. 34-35) and the motions to dismiss are ripe for decision.

The Plaintiff also files a motion to shorten time to consider his motion for leave to amend the complaint.  Dkt. 36.  The Plaintiff argues that the amended complaint should be considered at the same time as the motions to dismiss.  *Id.*  The Plaintiff noted this motion for the day after it was filed.  *Id.*  Under Western District of Washington Civ. R. P. 6(b), "motions to shorten time have been abolished."

The Plaintiff's motion for leave to file an amended complaint (also noted for the day after it was filed) includes a proposed amended complaint.  Dkt. 37 and 37-3.

The proposed amended complaint is similar to the Complaint, but names fewer defendants:  United States Department of Justice, Donna Dubois, Mark Dubois, Brian Budsberg, Budsberg Law Group and Brain Bartelson.  Dkt. 37-3 (found in either/both the caption and under section entitled "defendants").  The proposed amended complaint reviews the procedural history of several state court cases, discusses motions made by Trustee Budsberg in the bankruptcy case, and reviews orders by the state courts and U.S. bankruptcy court.  Dkt. 37-3.  The proposed

amended complaint again discusses the October 15, 2019, Washington State Court of Appeals, Division II decision in the probate case, which remanded Plaintiff's claims regarding waste and fraudulent transfer of the properties, *Spice v. Estate of Doris Mathews, et al*., Washington Court of Appeals Division II case number 50915-6-II; filed in the record at Dkt. 1-3. *Id.* The proposed amended complaint seeks an order from this Court to permit Plaintiff "to include any and all claims that the Court of Appeals re-instated [sic] and specifically that the bankruptcy court actively decided to opt out from and waive jurisdiction on." *Id.,* at 6. Plaintiff complains that the state courts have not acted on the remanded claims. *Id.* The proposed amended complaint further alleges that Trustee Budsberg should have deposited more money in the interpleader case, *Budsberg v. Spice, et. al.,* U.S. District Court for the Western District of Washington case number 3:19-cv-5772 RJB. *Id.*

The Plaintiff here makes claims for breach of a fiduciary duty against Trustee Budsberg and Donna Dubois, and makes claims for waste, fraudulent concealment, and misrepresentation. *Id.* The proposed amended complaint also claims that "Defendants Bartelson, DuBois and Budsberg aided and abetted fraudulently or constructively transferred real properties out of co-owner Ted Spice's name causing damage to his business and Plaintiff in violation of the Washington Fraudulent Transfers Act, RCW 19.40.011" and that they used the federal "bankruptcy court as a vehicle to [Plaintiff's] home and properties." *Id.* For relief, the proposed amended complaint seeks "declaratory" relief that orders Trustee Budsberg to deposit all of the proceeds from the sale of the 11003 property in the registry of the Court or release all of it to Plaintiff, issue an order "relieving" Plaintiff of the Dubois bankruptcy, provide "declaratory relief as noted in light of Plaintiff's claims and the Court of Appeals Division II holding," stay all proceedings related to his real properties in the Dubois bankruptcy case, issue an order requiring

1  Donna Dubois to surrender the properties to the Plaintiff, issue an order that title in the properties

2  is vested in the Plaintiff.  *Id.*  The proposed amended complaint makes claims for "injunctive"

3  relief including an order that Trustee Budsberg and his law firm Budsberg Law "refrain from any

4  further litigation regarding the Plaintiff's properties," that a new trustee be assigned to the

5  Dubois Bankruptcy Estate, and an order requiring that all proceeds from all Plaintiff's properties

6  sold or transferred in the Dubois bankruptcy case be deposited in the registry of this Court.  *Id.*

7  The Plaintiff also seeks damages.  *Id.*

8  ## II.    DISCUSSION

9  **A.  MOTION TO SHORTEN TIME AND FOR LEAVE TO FILE AMENDED
   COMPLAINT**

10      Pursuant to Western District of Washington Civ. R. P. 6(b), "motions to shorten time

11  have been abolished."  Accordingly, the Plaintiff's motion to shorten time (Dkt. 36) should be

12  denied.

13      Further, Local Rule 7(d)(3) provides that motions not specifically listed, like motions for

14  leave to amend a complaint, are to be noted for consideration no earlier than the third Friday

15  after filing.

16      As provided below, this Order dismisses most of the claims asserted in the Complaint and

17  applies equally to the claims in Plaintiff's proposed amended complaint.  The proposed

18  amendments concern more than just the moving parties here, though.  If the Plaintiff intends to

19  proceed with his motion for leave to file an amended complaint, he should file a new proposed

20  complaint, removing all claims and parties dismissed by this Order by **May 20, 2020**.  Further,

21  Plaintiff's lengthy recitation of the procedural history of all the cases and claims he has brought

22  over the years is not necessary.  The Plaintiff should follow Fed. R. Civ. P. 8 and provide a

23  "short plain statement" of jurisdiction and of the grounds for relief, etc.  The Plaintiff's motion

24

1  for leave to file an amended complaint (Dkt. 37) should be renoted for consideration for June 5,

2  2020.

3  In considering the motions to dismiss, the Court will consider the proposed amended

4  complaint as it relates to Trustee Budsberg, Budsberg Law Group, and Dubois Bankruptcy

5  Estate, Donna Dubois and the Mathews Estate.  The Court will not further consider an amended

6  complaint that relates to these parties.

7  **B.  STANDARD FOR MOTION TO DISMISS**

8  A complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) if, considering the factual

9  allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the

10  Constitution, laws, or treaties of the United States, or does not fall within one of the other

11  enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or

12  controversy within the meaning of the Constitution; or (3) is not one described by any

13  jurisdictional statute.  *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v.*

14  *Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal

15  question jurisdiction) and 1346 (United States as a defendant).  When considering a motion to

16  dismiss pursuant to Rule 12(b)(1), the court is not restricted to the face of the pleadings, but may

17  review any evidence to resolve factual disputes concerning the existence of jurisdiction.

18  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052

19  (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983).  A federal court

20  is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise.  *Kokkonen v.*

21  *Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated*

22  *Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Therefore, plaintiff bears the burden of proving the

23

24

existence of subject matter jurisdiction.  *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555.  The complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 547.

## C.  TRUSTEE, LAW GROUP, AND BANKRUPTCY ESTATE'S MOTION TO DISMISS

"Under *Barton*, plaintiffs must obtain authorization from the bankruptcy court before initiating an action in another forum against certain officers appointed by the bankruptcy court for actions the officers have taken in their official capacities."  *In re Yellowstone Mountain Club, LLC*, 841 F.3d 1090, 1094 (9th Cir. 2016)(*internal quotation marks and citations omitted*).  The district court is considered "another forum."  *Id.*  If authorization from the bankruptcy court is not granted, "another forum" lacks subject matter jurisdiction.  *In re Crown Vantage, Inc*., 421 F.3d 963, 971 (9th Cir. 2005).

1     The claims asserted against Trustee Budsberg (in the both the Complaint and proposed

2     amended complaint) should be dismissed with prejudice as barred by the *Barton* doctrine.  The

3     Plaintiff has failed to show that he has "obtained authorization" from the bankruptcy court before

4     filing this case.  Although he couches his claims in other terms, each of the actions he challenges

5     were taken in Trustee Budsberg's official capacity.  The undersigned does not have subject

6     matter jurisdiction over the claims asserted against Trustee Budsberg. The rationale for the

7     *Barton* "doctrine is that the requirement of uniform application of bankruptcy law dictates that

8     all legal proceedings that affect the administration of the bankruptcy estate be brought either in

9     bankruptcy court or with leave of the bankruptcy court."  *In re Harris*, 590 F.3d 730, 742 (9th

10    Cir. 2009).  The Plaintiff's attempts to adjudicate the claims here against Trustee Budsberg

11    subvert this rationale.  All claims asserted against Trustee Budsberg should be dismissed.

12        Moreover, there are no allegations, either in the Complaint or proposed amended

13    complaint, that the Budsberg Law Group or the Dubois bankruptcy estate took actions other than

14    those alleged to have been taken by Trustee Budsberg in his official capacity.  To the extent the

15    Plaintiff attempts to assert claims against Budsberg Law Group or the Dubois bankruptcy estate

16    based on the actions of Trustee Budsburg, the claims should be dismissed pursuant to the *Barton*

17    doctrine.

18        Additionally, Plaintiff does not meaningfully address Trustee Budsberg and Budsberg

19    Law Group's defense that they are entitled to derived quasi-judicial immunity against most of the

20    Plaintiff's claims.  "Bankruptcy trustees are entitled to broad immunity from suit when acting

21    within the scope of their authority and pursuant to court order."  *In re Harris*, 590 F.3d 730, 742

22    (9th Cir. 2009).  "The doctrine of judicial immunity also applies to court approved attorneys for

23

24

the trustee." *Id.* Trustee Budsberg and Budsberg Law Group are entitled to quasi-judicial immunity and so the claims asserted against them should be dismissed.

In light of the above, the Court need not consider Trustee Budsberg, Budsberg Law Group, and the bankruptcy estate's remaining grounds for dismissal of the claims against them.

## D. TRUSTEE BUDSBERG'S MOTION FOR SANCTIONS

Fed. R. Civ. P. 11(b) provides that:

By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Under Rule 11 (c)(1), "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." The court may also award the prevailing party attorney's fees. Rule 11(c)(2).

Trustee Budsberg moves for Rule 11 sanctions to be awarded "as the court deems fit" for the Plaintiff's insistence on bringing these claims against him even after Trustee Budsberg wrote Plaintiff's counsel a letter notifying her that under the *Barton* doctrine she must first get the

1    bankruptcy court's approval to file these claims.  Dkt. 21.  The Plaintiff filed a response,

2    asserting that no sanctions were warranted.  Dkt. 28.

3         The claims asserted against the Trustee here are clearly barred by the *Barton* doctrine.

4    Plaintiff's counsel was on notice that the Plaintiff's claims were "not warranted by existing law

5    or by a nonfrivolous argument for extending, modifying, or reversing existing law or for

6    establishing new law."  The Plaintiff and his counsel have violated Rule 11 by bringing the

7    claims for which this Court clearly does not have subject matter jurisdiction to consider.  They

8    were aware of the operation of the *Barton* doctrine, not only due to the Trustee's letter (Dkt. 21-

9    2) but because after the Trustee filed a motion to dismiss counterclaims that Mr. Spice asserted

10   against him in the interpleader action (19-5772 RJB, also assigned to the undersigned), the

11   Plaintiff immediately abandoned his counterclaims against the Trustee.

12        Sanctions should be awarded to Trustee Budsberg and awarded against the Plaintiff and

13   his attorney in this case, Tuella Sykes, for their violation of Rule 11, limited to an award of

14   reasonable attorneys' fees.  Trustee Budsberg should inform the Court of the amount of

15   attorneys' fees expended for bringing this motion, if any, along with supporting documentation,

16   on or before May 29, 2020.

17        **E.  DONNA DUBOIS AND THE MATHEWS ESTATE'S MOTION TO DIMSISS**

18        Federal courts are courts of limited jurisdiction.  Donna Dubois and the Mathews Estate

19   assert that this Court does not have subject matter jurisdiction over the claims asserted against

20   them because of the "probate exception."  Dkt. 23.

21        "[T]he probate exception reserves to state probate courts the probate or annulment of a

22   will and the administration of a decedent's estate; it also precludes federal courts from

23   endeavoring to dispose of property that is in the custody of a state probate court. But it does not

24

1   bar federal courts from adjudicating matters outside those confines and otherwise within federal

2   jurisdiction." *Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006).

3         Donna Dubois and the Mathews Estate's motion to dismiss the claims asserted against

4   them in both the Complaint and against Donna Dubois in the proposed amended complaint, on

5   the grounds that this court does not have subject matter jurisdiction over the claims asserted

6   against them based on the probate exception, should be granted.  The Plaintiff fails to show that

7   he makes claims and seeks relief which would not "dispose of property that is in the custody of a

8   state probate court." The claims and relief should be dismissed with prejudice as to both Donna

9   Dubois and the Mathews Estate.  The Plaintiff has failed to show that he makes claims outside

10  those confines.

11        Moreover, the Plaintiff indicates that he does not intend to continue litigation in the case

12  against the Mathews Estate (as is shown by his not including the Mathews Estate in his proposed

13  amended complaint).  This should be construed as a voluntary dismissal of all remaining claims

14  against the Mathews Estate.

15        While Donna Dubois and the Mathews Estate indicate in their reply that a majority of the

16  Plaintiff's allegations and claims have been ruled upon by the state courts, they did not make a

17  motion to dismiss based on res judicata, etc.  The Court will not consider these arguments raised

18  for the first time in the reply.  However, to the extent that the Plaintiff's claims against Donna

19  Dubois and the Mathews Estate (in either the Complaint or proposed amended complaint)

20  functionally require this Court to re-visit decisions of the state courts or the U.S. Bankruptcy

21  Court, they should be dismissed.  This Court is not a court of appeals for the state courts'

22  decisions and this case is not an appeal from the Dubois bankruptcy proceedings.

23

24

**F.  CONCLUSION**

The Plaintiff's motion to shorten time should be denied and the Plaintiff's motion for leave to file an amended complaint should be renoted.  Trustee Budsberg, Budsberg Law and the Dubois Bankruptcy Estate's motion to dismiss should be granted and all claims against them dismissed; their motion for sanctions should be granted.  Donna Dubois and the Mathews Estate's motion to dismiss should be granted and the claims asserted against them dismissed.

### III.   ORDER

Therefore, it is hereby **ORDERED** that:

- Plaintiff's Motion to Shorten Time (Dkt. 36) **IS DENIED**;

- Plaintiff's Motion for Leave to File an Amended Complaint (Dkt. 37) **IS RENOTED** to **June 5, 2020**; if the Plaintiff wishes to proceed with this motion, an updated proposed amended complaint, if any, **IS DUE** by **May 20, 2020**;

- Defendants U.S. Bankruptcy Trustee Brian L. Budsberg, Budsberg Law Group, and the Estate of Mark and Donna Dubois' Motion to Dismiss (Dkt. 21) **IS GRANTED**;

- Plaintiff's claims against Trustee Budsberg, Budsberg Law Group and the Estate of Mark and Donna Dubios **ARE DISMISSED**;

- Trustee Budsberg **IS AWARDED** reasonable attorneys' fees; if he wishes, he must inform the Court of the amount expended in bringing this motion, with supporting documentation, by **May 29, 2020**;

- Defendants Donna E. Dubois and the Estate of Doris E. Mathews' Motion to Dismiss (Dkt. 23) **IS GRANTED,**

- Plaintiff's claims against Defendants Donna E. Dubois and the Estate of Doris E. Mathews **ARE DISMISSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 11th day of May, 2020.

ROBERT J. BRYAN
United States District Judge