UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TED SPICE,

Plaintiff,

v.

INTERNAL REVENUE SERVICE, et. al.,

Defendants.

CASE NO. 20-5005 RJB

ORDER ON MOTION FOR RECONSIDERATION OF ORDER ON MOTIONS TO DISMISS AND VARIOUS OTHER MOTIONS

This matter comes before the Court on the Plaintiff's Motion for Reconsideration (Dkt. 62), U.S. Bankruptcy Trustee Brian L. Budsberg's submission regarding attorneys' fees (Dkt. 47), and Plaintiff's Motion for Extension of Time (Dkt. 65). The Court has considered the pleadings filed regarding the motions and the remaining record.

The Plaintiff moves the Court to reconsider portions of the May 11, 2020 Order on Motions to Dismiss and Various Other Motions (Dkt. 47) which, in part, dismissed Defendants U.S. Bankruptcy Trustee Brian L. Budsberg, Budsberg Law Group, PLLC ("Budsberg Law") and the Estate of Mark and Donna Dubois ("Dubois Bankruptcy Estate") and Defendants Donna E. Dubois and the Estate of Doris E. Mathews ("Mathews Estate"). Dkt. 62. He moves for

reconsideration of the portion of the May 11, 2020 Order that granted an award attorneys' fees as a sanction under Fed. R. Civ. P. 11 for continuing a frivolous case against Trustee Budsberg. *Id.* The Plaintiff also moves the Court for reconsideration the portion of the May 11, 2020 Order renoting his Motion for Leave to File an Amended Complaint. *Id.*

As ordered in the May 11, 2020 Order, Trustee Budsberg filed pleadings indicating the amount of attorneys' fees he has incurred defending this case. Dkts. 66 and 67. He claims $11,760.00. *Id*.

Also before the Court is the Plaintiff's motion for an extension of time to file the joint status report. Dkt. 65.

The facts and procedural history are in the May 11, 2020 Order on Motions to Dismiss and Various Other Motions (Dkt. 47, at 1-9) and are adopted here. Each of the motions and submittals regarding the Rule 11 sanctions will be considered below.

## I. <u>MOTION FOR RECONSIDERATION</u>

### A. MOTION FOR RECONSIDERATION STANDARD

Western District of Washington Local Rule (7)(h)(1) provides, "[m]otions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."

1. <u>Dismissal of Trustee Budsberg, Budsberg Law and the Bankruptcy Estate of Mark and Donna Dubois</u>

The Plaintiff seeks reconsideration of the portion of the May 11, 2020 Order dismissing the claims against Trustee Budsberg, Budsberg Law and the Estate of Mark and Donna Dubois (collectively "Trustee Budsberg" – as was noted in the May 11, 2020 Order, all the Plaintiff's allegations against these Defendants are actions of Trustee Budsberg) pursuant to the doctrine

announced in *Barton v. Barbour*, 104 U.S. 126 (1881) ("*Barton* doctrine") and the trustee's quasi-judicial immunity.

In his motion for reconsideration, the Plaintiff claims that he is asserting claims against Trustee Budsberg pursuant to 28 U.S.C. § 959. Dkt. 62. A limited statutory exception to the *Barton* doctrine is codified at 28 U.S.C. § 959(a). *In re Crown Vantage, Inc.*, 421 F.3d 963, 971 (9th Cir. 2005). Section 959(a) provides:

> Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury.

28 U.S.C. § 959(a).

The Plaintiff's motion for reconsideration of the decision to grant Trustee Budsberg's motion to dismiss (Dkt. 62) should be denied. The Plaintiff has failed to show a "manifest error in the prior ruling." He did not make a "showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence."

The May 11, 2020 Order dismissing the claims against Trustee Budsberg based on the *Barton* doctrine should be affirmed. Contrary to the Plaintiff's assertions, reference to 28 U.S.C. § 959 does not appear in either his Complaint (Dkt. 1) or proposed amended complaint (Dkt. 37-3). The Plaintiff maintains that he asserts the claim in his response to Trustee Budsberg's motion to dismiss. Dkt. 62. The Plaintiff's response (Dkt. 28) also fails to refer to this statute as well. Moreover, considering the allegations in the Complaint (Dkt. 1), the proposed amended complaint (Dkt. 37-1), the arguments raised in the Plaintiff's response to the motion to dismiss (Dkt. 28), and this motion for reconsideration, the Plaintiff has failed to allege facts, which, if true, would state a plausible claim under the limited statutory exception to the *Barton* doctrine

announced in 28 U.S.C. § 959. In his motion for reconsideration, the Plaintiff now maintains that he is asserting a §959 claim against Trustee Budsberg based on the following grounds, which he alleges were "enumerated" in his response to the motion to dismiss:

> (1) Trustee's knowledge of Kirkendoll Order and those actions enumerated in the Plaintiff's response, (2) Trustee's failed to endorse the $5,071.15 damage check related to the fire which consumed the 11003 property, (3) Trustee's failure to pay property taxes, (4) Trustee's failure to pay mortgage payments, (5) Donna DuBois actions related to the fraudulent property title transfers & the Trustee selling the same Properties in the Bankruptcy Estate, and (6) Trustee's mismanagement of rental funds, and security deposits. . . The Plaintiff identified, in his Response to the Defendants' Motions, that the Trustee breached his duty as a Trustee, as the duty of a Trustee are enumerated pursuant to 11 U.S.C. 5545.

Dkt. 62. The Plaintiff argues that "[a]ll of these collectively are actions fit within 28 U.S.C. §959 and 'such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice.'" *Id.*

None of these "enumerated" actions state plausible claims against Trustee Budsberg under the § 959 exception. The §959 exception is not applicable here. "By its terms, this limited exception applies only if the trustee or other officer is actually operating the business, and only to 'acts or transactions in conducting the debtor's business in the ordinary sense of the words or in pursuing that business as an operating enterprise." *In re Crown Vantage, Inc.,* at 971-972 (*internal citations omitted*). None of the allegations in any of the Plaintiff's pleadings are that Trustee Budsberg was actually operating a business. Additionally, the record of this case and the records in the state and bankruptcy courts do not yield the conclusion that Trustee Budsberg was operating a business. "Actions taken in the mere continuous administration of property under order of the court do not constitute an 'act' or 'transaction' in carrying on business connected with the estate." *Id.*, at 972. Nothing alleged in any of the Plaintiff's various pleadings leads to the conclusion that Trustee Budsberg acted in a manner other than in his capacity of

administering or liquidating the bankruptcy estate as directed by the bankruptcy court. "Section 959(a) does not apply to suits against trustees for administering or liquidating the bankruptcy estate." *Id.*

The Plaintiff argues in his motion for reconsideration that the *Barton* doctrine doesn't apply here because Trustee Budsberg acted outside his scope of authority "when he takes or retains possession of property that is not an asset of the estate;" that his ultra vires actions fit the third exception to the *Barton* doctrine. Dkt. 62. The Plaintiff fails to allege sufficient facts to point to property that Trustee Budsberg improperly took possession of or retained. All the property identified was property ruled on by the bankruptcy court. The fact that the Plaintiff does not agree with the bankruptcy court's rulings does not give rise to an exception to the *Barton* doctrine. If anything, it emphasizes the importance of adherence to the requirement that the bankruptcy court give permission for an action against Trustee Budsberg.

The Plaintiff's motion for reconsideration also challenges the May 11, 2020 Order granting the Trustee's motion to dismiss based on the Trustee's quasi-judicial immunity. Dkt. 62. The May 11, 2020 Order provided:

> Additionally, Plaintiff does not meaningfully address Trustee Budsberg and Budsberg Law Group's defense that they are entitled to derived quasi-judicial immunity against most of the Plaintiff's claims. "Bankruptcy trustees are entitled to broad immunity from suit when acting within the scope of their authority and pursuant to court order." *In re Harris*, 590 F.3d 730, 742 (9th Cir. 2009). "The doctrine of judicial immunity also applies to court approved attorneys for the trustee." *Id.* Trustee Budsberg and Budsberg Law Group are entitled to quasi-judicial immunity and so the claims asserted against them should be dismissed.

Dkt. 47.

The Plaintiff asserts in the motion for reconsideration that Trustee Budsberg is not entitled to immunity because "he engaged in 'ultra vires' conduct, his actions as previously stated did not preserve the Estate Property in accordance with his duties as a trustee." Dkt. 62. The

Plaintiff contends that this "ultra vires" conduct is based on Trustee Budsberg's failure to complete his duties as enumerated under 11 U.S.C. § 704, which he asserts "include (2) be accountable for all property received; (4) investigate the financial affairs of the debtor; (7) unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest." Dkt. 62. The Plaintiff also points to "the Chapter 7 Trustee's Handbook and 11 U.S.C. 554" in which he asserts that "the Trustee has a duty to abandon certain property where possession of certain property will expose the estate to certain liability." *Id.* The Plaintiff maintains, that "the Trustee breached his duty by failing to abandon the remaining properties in the bankruptcy estate which is insolvent." *Id.*

The Plaintiff's allegations do not support his conclusion that Trustee Budsberg's actions were "ultra vires." Plaintiff's disagreement with the Trustee's decisions and his conduct all arise from the Trustee's following of the bankruptcy court orders and/or were taken with full knowledge of the bankruptcy court. Plaintiff does not demonstrate that the May 11, 2020 Order granting Trustee Budsberg's motion to dismiss on quasi-judicial immunity grounds was in error.

The Plaintiff's motion for reconsideration of the May 11, 2020 Order granting Trustee Budsberg's motion to dismiss (Dkt. 62) should be denied. The reasoning of the May 11, 2020 Order, based on both the *Barton* doctrine and Trustee Budsberg's quasi-judicial immunity, is adopted here. The May 11, 2020 Order dismissing Trustee Budsberg, Budsberg law and the bankruptcy estate of Mark and Donna Dubois (Dkt. 47) should be affirmed.

2. Motion for Reconsideration of Award of Fed. R. Civ. P. 11 Sanctions

The Plaintiff moves for reconsideration of the May 11, 2020 Order's decision to grant Trustee Budsberg's motion for Fed. R. Civ. P. 11 sanctions for bringing this case against him. Dkt. 62. The Plaintiff then argues that: "[t]he law of this circuit requires that imposition of costs and fees under Sec. 1927 may be made only on a finding that the attorney acted recklessly or in

bad faith." Dkt. 62. (*internal citations omitted*). He further argues that "[n]otice and a hearing should precede imposition of a sanction under Sec. 1927." *Id.* The Plaintiff maintains that he has stated adequate claims against Trustee Budsberg which are not precluded by the *Barton* doctrine or by Trustee Budsberg's quasi-judicial immunity. *Id.*

As it relates to the award of sanctions, the May 11, 2020 Order provided:

> Fed. R. Civ. P. 11(b) provides that:
>
> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.
>
> Under Rule 11 (c)(1), "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." The court may also award the prevailing party attorney's fees. Rule 11(c)(2). . .
>
> Trustee Budsberg moves for Rule 11 sanctions to be awarded "as the court deems fit" for the Plaintiff's insistence on bringing these claims against him even after Trustee Budsberg wrote Plaintiff's counsel a letter notifying her that under the *Barton* doctrine she must first get the bankruptcy court's approval to file these claims. Dkt. 21. The Plaintiff filed a response, asserting that no sanctions were warranted. Dkt. 28.

> The claims asserted against the Trustee here are clearly barred by the *Barton* doctrine. Plaintiff's counsel was on notice that the Plaintiff's claims were "not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." The Plaintiff and his counsel have violated Rule 11 by bringing the claims for which this Court clearly does not have subject matter jurisdiction to consider. They were aware of the operation of the *Barton* doctrine, not only due to the Trustee's letter (Dkt. 21-2) but because after the Trustee filed a motion to dismiss counterclaims that Mr. Spice asserted against him in the interpleader action (19-5772 RJB, also assigned to the undersigned), the Plaintiff immediately abandoned his counterclaims against the Trustee.
>
> Sanctions should be awarded to Trustee Budsberg and awarded against the Plaintiff and his attorney in this case, Tuella Sykes, for their violation of Rule 11, limited to an award of reasonable attorneys' fees. Trustee Budsberg should inform the Court of the amount of attorneys' fees expended for bringing this motion, if any, along with supporting documentation, on or before May 29, 2020.

Dkt. 47.

The Plaintiff's motion for reconsideration of the order awarding sanctions under Fed. R. Civ. P. 11 (Dkt. 62) should be denied. The Plaintiff has failed to show a "manifest error in the prior ruling." He did not make a "showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence."

Contrary to the Plaintiff's assertions, the sanctions were not awarded pursuant to "Sec. 1927." Sanctions were awarded pursuant to Fed. R. Civ. P. 11. The Plaintiff had notice and an opportunity to be heard – he filed a response to the motion for sanctions and argued against awarding them.

The Plaintiff notes in his motion for reconsideration that in response to an email from Trustee Budsberg about his intention to file for Rule 11 sanctions, Plaintiff's lawyer asked for more time to consult with his client about whether to proceed and Trustee Budsberg did not give them the extra time. Dkt. 62. The Plaintiff asserts that the Court should reconsider its order to award sanctions to avoid a "miscarriage of justice." *Id.*

This email exchange is not adequate grounds for the court to reconsider the order granting sanctions. The Plaintiff continued to assert his claims – in both the response and in this motion for reconsideration. Moreover, the Plaintiff and his lawyer did not seek leave of the bankruptcy court as is required by *Barton*. The Plaintiff and his lawyer filed a legally baseless complaint against Trustee Budsberg, "which was not objectively reasonable and for which there was not an objectively good faith argument following a reasonable inquiry." *Wavetronix, LLC v. Myers for DBSI Liquidating Tr*., 704 Fed. Appx. 696, 698 (9th Cir. 2017). Plaintiff's objectively unreasonable conclusions that the *Barton* doctrine did not apply does not warrant a reversal of the decision to award sanctions. *Id*.

The May 11, 2020 Order awarding sanctions against the Plaintiff and his attorney (Dkt. 47) should be affirmed.

3. <u>Motion for Reconsideration of Order Renoting Motion for Leave to File Amended Complaint</u>

The Plaintiff moves the Court to reconsider its decision to deny him leave to file the proposed amended complaint (Dkt. 37-3) against Trustee Budsberg, Budsberg Law, and the Estate of Mark and Donna Dubois. Dkt. 62.

The Plaintiff's motion for reconsideration of this portion of the May 11, 2020 Order (Dkt. 62) should be denied. The May 11, 2020 Order considered all the allegations in the Complaint and proposed amended complaint in determining that Trustee Budsberg, Budsberg Law, and the Estate of Mark and Donna Dubois' motion to dismiss should be granted with prejudice and without leave to amend. The Plaintiff has failed to show a "manifest error in the prior ruling." He did not make a "showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence."

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." A motion to amend under Rule 15(a)(2), "generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff v. University Medical Center of Southern Nevada*, 649 F.3d 1143 (9th Cir. 2011).

The May 11, 2020 decision to deny the Plaintiff's motion for leave to file an amended complaint against Trustee Budsberg, Budsberg Law, or the Estate of Mark and Donna Dubois should be affirmed. The Plaintiff has been given several attempts in the Complaint, proposed amended complaint and his various pleadings to articulate a claim against these parties. He has failed to do so. Further attempts would be futile.

The undersigned notes that by May 20, 2020, the Plaintiff was ordered to file a proposed amended complaint. Dkt. 47. It provided:

> As provided below, this Order dismisses most of the claims asserted in the Complaint and applies equally to the claims in Plaintiff's proposed amended complaint. The proposed amendments concern more than just the moving parties here, though. If the Plaintiff intends to proceed with his motion for leave to file an amended complaint, he should file a new proposed complaint, removing all claims and parties dismissed by this Order by **May 20, 2020**.

*Id.* The Plaintiff was notified that if he wished to proceed with the Motion for Leave to File an Amended Complaint (Dkt. 37), "an updated proposed amended complaint, if any, [**WAS**] **DUE** by **May 20, 2020."** Dkt. 47 (*emphasis in original*). As of the date of this Order, the Plaintiff has failed to comply with this portion of the May 11, 2020 Order.

## II. AMOUNT OF FEES TO AWARD AS RULE 11 SANCTION

As directed by the Court in the May 11, 2020 Order, Trustee Budsberg submitted the amount of attorneys' fees that he has incurred as a result of having to defend this action. Dkts.

66 and 67. He states that he has spent 29.4 hours on the case and that he bills his time at $400 an hour. *Id.* Trustee Budsberg claims a total of $11,760. *Id.*

In order to give the parties against whom the sanctions are assessed (the Plaintiff and his attorney Tuella Sykes) an opportunity to be heard regarding the **amount** of attorneys' fees requested, on or before **June 5, 2020**, these parties, may if they choose, file a pleading (of not more than five pages) addressing whether the amount of attorneys' fees requested are reasonable. Further assertions of Plaintiff's meritless claims against Trustee Budsberg, Budsberg Law or the bankruptcy estate will be considered as grounds that an award of the full $11,760 is warranted.

## III. MOTION FOR EXTENSION OF TIME

Pursuant to Western District of Washington Civ. R. P. 7(d)(2)(A) provides that motions for extension of time should be noted for reconsideration two Fridays after the motion is filed.

The Plaintiff's motion for an extension of time to file the joint status report (Dkt. 65) was filed on May 28, 2020 - Plaintiff improperly noted this motion for May 29, 2020. *Id.* Plaintiff again failed to follow the Local Rules. This motion (Dkt. 65) should be renoted for June 5, 2020.

## ORDER

Therefore, it is hereby **ORDERED** that:

- The Plaintiff's Motion for Reconsideration (Dkt. 62) **IS DENIED**;
- The May 11, 2020 Order on Motions to Dismiss and Various Other Motions (Dkt. 47) **IS AFFIRMED**;
- The Plaintiff and his attorney, Tuella Sykes, on or before **June 5, 2020**, may if they choose, file a pleading (of not more than five pages) addressing whether the **amount** of requested attorneys' fees is reasonable; and

- Plaintiff's motion for an extension of time to file the joint status report (Dkt. 65) **IS RENOTED** to **June 5, 2020**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 1st day of June, 2020.

ROBERT J. BRYAN
United States District Judge