1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TED SPICE, | CASE NO. 20-5005 RJB |
| Plaintiff, | |
| v. | ORDER ON MOTION FOR LEAVE TO FILE AMENDED COMPLAINT, ON AMOUNT OF RULE 11 SANCTIONS AWARDED, AND VARIOUS OTHER MOTIONS |
| INTERNAL REVENUE SERVICE, et. al., | |
| Defendants. | |

16
17
18
19
20
21
22

   This matter comes before the Court on the Plaintiff's Motion for Leave to File Amended Complaint (Dkt. 37), the Plaintiff's objections to the amount of attorneys' fees requested by Bankruptcy Trustee Brian L. Budsberg as a Fed. R. Civ. P. 11 sanction (Dkt. 70), Trustee Budsberg's response to the Plaintiff's objections (Dkt. 72), Defendant City of Puyallup's Motion to Dismiss for Failure to State a Claim and for Insufficient Service of Process (Dkt. 52), and Plaintiff's Motion for Extension of Time (Dkt. 65).  The Court has considered the pleadings filed regarding the motions and the remaining record.

23

## I.   **PROCEDURAL HISTORY AND FACTS**

24

1    On April 30, 2020, the Plaintiff filed his Motion for Leave to File Amended Complaint

2    and noted the motion for consideration on May 1, 2020.  Dkt. 37.  The Plaintiff's proposed

3    amended complaint named as Defendants Trustee Budsberg, Budsberg Law Group, PLLC

4    ("Budsberg Law"), Donna E. Dubois, Bryan Bartelson, and the United States Department of

5    Justice.  Dkt. 37-3.

6    On May 11, 2020, Defendants Trustee Budsberg, Budsberg Law, and the Estate of Mark

7    and Donna Dubois' ("Dubois Bankruptcy Estate") and Defendants Donna E. Dubois and the

8    Estate of Doris E. Mathews' ("Mathews Estate") motions to dismiss were granted and these

9    Defendants were dismissed.  Dkt. 47.  The May 11, 2020 order considered the allegations against

10   those parties, if any, made in both the Plaintiff's Complaint and proposed amended complaint.

11   *Id.*  The May 11, 2020 order denied, as futile, the Plaintiff's motion for leave to file an amended

12   complaint against all the parties dismissed by that order.  *Id.*  The May 11, 2020 order directed

13   the Plaintiff to file a proposed amended complaint by May 20, 2020, if he wished to proceed

14   with his motion for leave to amend the complaint.  *Id.*  The May 11, 2020 order granted an award

15   attorneys' fees as a sanction under Fed. R. Civ. P. 11 for continuing a frivolous case against

16   Trustee Budsberg.  *Id.*

17   The Plaintiff's motion for reconsideration of the May 11, 2020 order was denied on June

18   1, 2020.  Dkt. 68.  The June 1, 2020 order reminded the Plaintiff that he has not filed a proposed

19   amended complaint as directed in the May 11, 2020 order.  *Id.*  Trustee Budsberg filed pleadings

20   indicating the amount of attorneys' fees he has incurred defending this case.  Dkts. 66 and 67.

21   He claimed $11,760.00.  *Id.*  In the June 1, 2020 order denying the Plaintiff's motion for

22   reconsideration, the parties against whom the Rule 11 sanctions are assessed (the Plaintiff and

23   his attorney Tuella Sykes) were given an opportunity to be heard regarding whether the **amount**

24

ORDER ON MOTION FOR LEAVE TO FILE AMENDED COMPLAINT, ON AMOUNT OF RULE 11
SANCTIONS AWARDED, AND VARIOUS OTHER MOTIONS - 2

of attorneys' fees requested was reasonable by June 5, 2020.  Dkt. 68.  The Plaintiff and his

lawyer did so.  Dkts. 70-71.  The Trustee filed a response.  Dkt. 72.

The facts and procedural history are in the May 11, 2020 Order on Motions to Dismiss

and Various Other Motions (Dkt. 47, at 1-9) and the June 1, 2020 Order on Motion for

Reconsideration of Order on Motions to Dismiss and Various Other Motions (Dkt. 68, at 1-2)

and are adopted here.

Also before the Court is the City of Puyallup's unopposed Motion to Dismiss for Failure

to State a Claim and for Insufficient Service of Process (Dkt. 52) and Plaintiff's unopposed

motion for an extension of time to file the joint status report (Dkt. 65).

Each of the motions and the submittals regarding the Rule 11 sanctions will be

considered below.

## II.   DISCUSSION

### A.  MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing

party's written consent or the court's leave. The court should freely give leave when justice so

requires."  A motion to amend under Rule 15(a)(2), "generally shall be denied only upon

showing of bad faith, undue delay, futility, or undue prejudice to the opposing party."  *Chudacoff*

*v. University Medical Center of Southern Nevada*, 649 F.3d 1143 (9th Cir. 2011).

As stated in both the May 11, 2020 order and June 1, 2020 order, to the extent that

proposed amended complaint attempts to reassert claims against Defendants Trustee Budsberg,

Budsberg Law, or Donna E. Dubois, the motion for leave to file an amended complaint (Dkt. 37)

should be denied as futile.  Dkts. 47 and 68.

The Plaintiff was ordered to file a proposed amended complaint by May 20, 2020.  Dkt.

47.  The May 11, 2020 order provided:

ORDER ON MOTION FOR LEAVE TO FILE AMENDED COMPLAINT, ON AMOUNT OF RULE 11
SANCTIONS AWARDED, AND VARIOUS OTHER MOTIONS - 3

> As provided below, this Order dismisses most of the claims asserted in the Complaint and applies equally to the claims in Plaintiff's proposed amended complaint. The proposed amendments concern more than just the moving parties here, though. If the Plaintiff intends to proceed with his motion for leave to file an amended complaint, he should file a new proposed complaint, removing all claims and parties dismissed by this Order by **May 20, 2020**.

*Id.* The Plaintiff was notified that if he wished to proceed with the Motion for Leave to File an Amended Complaint (Dkt. 37), "an updated proposed amended complaint, if any, **[WAS] DUE** by **May 20, 2020.**" Dkt. 47 (*emphasis in original*). The Plaintiff was reminded again in the June 1, 2020 order that had "failed to comply with this portion of the May 11, 2020 Order." Dkt. 68.

The Plaintiff's motion for leave to file an amended complaint (Dkt. 37) should be denied without prejudice as to the other proposed named defendants (Bryan Bartelson, and the United States Department of Justice) because it appears that Plaintiff has abandoned this motion. He failed to file an updated proposed amended complaint as ordered by the Court or otherwise respond.

## B.  AMOUNT OF FEES TO AWARD AS RULE 11 SANCTION

As it relates to the award of sanctions, the May 11, 2020 Order provided:

Fed. R. Civ. P. 11(b) provides that:

By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

ORDER ON MOTION FOR LEAVE TO FILE AMENDED COMPLAINT, ON AMOUNT OF RULE 11 SANCTIONS AWARDED, AND VARIOUS OTHER MOTIONS - 4

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Under Rule 11 (c)(1), "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."  The court may also award the prevailing party attorney's fees.  Rule 11(c)(2). . .

Trustee Budsberg moves for Rule 11 sanctions to be awarded "as the court deems fit" for the Plaintiff's insistence on bringing these claims against him even after Trustee Budsberg wrote Plaintiff's counsel a letter notifying her that under the *Barton* doctrine she must first get the bankruptcy court's approval to file these claims.  Dkt. 21.  The Plaintiff filed a response, asserting that no sanctions were warranted.  Dkt. 28.

The claims asserted against the Trustee here are clearly barred by the *Barton* doctrine.  Plaintiff's counsel was on notice that the Plaintiff's claims were "not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  The Plaintiff and his counsel have violated Rule 11 by bringing the claims for which this Court clearly does not have subject matter jurisdiction to consider.  They were aware of the operation of the *Barton* doctrine, not only due to the Trustee's letter (Dkt. 21-2) but because after the Trustee filed a motion to dismiss counterclaims that Mr. Spice asserted against him in the interpleader action (19-5772 RJB, also assigned to the undersigned), the Plaintiff immediately abandoned his counterclaims against the Trustee.

Sanctions should be awarded to Trustee Budsberg and awarded against the Plaintiff and his attorney in this case, Tuella Sykes, for their violation of Rule 11, limited to an award of reasonable attorneys' fees.  Trustee Budsberg should inform the Court of the amount of attorneys' fees expended for bringing this motion, if any, along with supporting documentation, on or before May 29, 2020.

Dkt. 47.

Trustee Budsberg filed a pleading indicating that the amount of attorneys' fees that he has

incurred as a result of having to defend this action (Dkts. 66 and 67) rather than the amount

expended on bringing the motion to dismiss as directed in the order.  He states that he has spent

29.4 hours on the case and that he bills his time at $400 an hour.  *Id.*  Trustee Budsberg claims a

total of $11,760 for defense of the case.  *Id.*

ORDER ON MOTION FOR LEAVE TO FILE AMENDED COMPLAINT, ON AMOUNT OF RULE 11 SANCTIONS AWARDED, AND VARIOUS OTHER MOTIONS - 5

The Plaintiff's motion for reconsideration of the order awarding sanctions under Fed. R. Civ. P. 11 was denied.  Dkt. 68.  In that order, the Plaintiff and his attorney, Tuella Sykes, were given an opportunity to be heard regarding whether the amount of attorneys' fees requested by Trustee Budsberg was reasonable.  *Id.*   They responded and argue that Trustee Budsberg should be awarded only the time spent on his motion to dismiss - 5.7 hours as provided in the May 11, 2020 order.  Dkt. 70.

In determining what attorney's fee is reasonable in a particular case, the court arrives at the "lodestar amount," that is, multiplying the number of hours reasonably expended by a reasonable hourly rate.  *Jordan v. Multnomah County*, 799 F.2d 1262, 1265 (9th Cir. 1986) (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

Trustee Budsberg should be awarded $4,440.00 in Rule 11 sanctions against the Plaintiff and his attorney, Tuella Sykes.  This amount represents 11.1 hours of work on the Trustee's motion to dismiss (not on other parties' motions to dismiss or other motions) at $400 per hour. The hourly rate of $400 per hour is reasonable for the local legal market.  This award includes claimed hours from Trustee Budsberg's submission (Dkt. 67) as follows:

| | | |
|---|---|---|
| February 6, 2020 research *Barton* doctrine and quasi-judicial immunity | - | 1.6 |
| February 14, 2020 review of *Barton* doctrine and quasi-judicial immunity cases | - | 1.1 |
| March 10, 2020 & March 11, 2020 – continued research on and drafting motion | - | 4.4 |
| March 16, 2020 – continued work on motion to dismiss | - | .4 |
| March 17, 2020 – continue to draft, finalize, and file motion to dismiss | - | 2.3 |
| April 29, 2020 – draft and file reply to response to motion to dismiss | - | <u>1.3</u> |
| Total | | 11.1 |

An award of $4,440 to Trustee Budsberg against the Plaintiff and his counsel is appropriate here.

ORDER ON MOTION FOR LEAVE TO FILE AMENDED COMPLAINT, ON AMOUNT OF RULE 11
SANCTIONS AWARDED, AND VARIOUS OTHER MOTIONS - 6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## C.  CITY OF PUYALLUP'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND FOR INSUFFICIENT SERVICE OF PROCESS

On May 14, 2020, the City of Puyallup filed its motion to dismiss.  Dkt. 52.  The City of Puyallup points out that the Complaint fails to make any substantive allegations against it, identify a claim against it, or ask for any relief related to it.  *Id.*  The City of Puyallup also notes that a summons and Complaint have not been served on Puyallup's chief executive officer, mayor, city manager, designated agent, or city clerk.  *Id.*

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. at 555.  The complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 547.

Further, pursuant to Fed. R. Civ. P. 12(b)(5), a motion to dismiss may be based on "insufficient service of process."

The City of Puyallup's motion to dismiss (Dkt. 52) should be granted.  The Plaintiff did not respond to the motion.  Further, the motion has merit.  The Plaintiff failed to allege sufficient facts against the City of Puyallup to state a claim for relief against it and so the City of Puyallup

ORDER ON MOTION FOR LEAVE TO FILE AMENDED COMPLAINT, ON AMOUNT OF RULE 11 SANCTIONS AWARDED, AND VARIOUS OTHER MOTIONS - 7

should be dismissed without prejudice under Rule 12(b)(6).  Further, there is no evidence in the record that the City of Puyallup was properly served.  Pursuant to Rule 12(b)(5) the case against the City of Puyallup should also be dismissed without prejudice.

### D.  MOTION FOR EXTENSION OF TIME

Pursuant to Fed. R. Civ. P. 6(b), the court may extend deadlines for good cause.

The Plaintiff's motion for an extension of time to file the Joint Status Report (Dkt. 65) should be granted.  The Plaintiff has shown sufficient grounds for an extension of time to file the Joint Status Report to June 29, 2020.

### ORDER

Therefore, it is hereby **ORDERED** that:

- The Plaintiff's Motion for Leave to File Amended Complaint (Dkt. 37) **IS DENIED** as to Trustee Budsberg, Budsberg Law, and Donna Dubios and **DENIED WITHOUT PREJUDICE** as to Bryan Bartelson and the United States Department of Justice;

- The amount of the Fed. R. Civ. P. 11 sanction award against the Plaintiff and his attorney, Tuella Sykes, and in favor of Trustee Budsberg, **IS $4,440**;

- Defendant City of Puyallup's Motion to Dismiss for Failure to State a Claim and for Insufficient Service of Process (Dkt. 52) **IS GRANTED**;

- Defendant City of Puyallup **IS DISMISSED WITHOUT PREJUDICE**;

- Plaintiff's Motion for Extension of Time (Dkt. 65) **IS GRANTED**; and

- The Joint Status Report **IS DUE** by **June 29, 2020**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 9th day of June, 2020

ROBERT J. BRYAN
United States District Judge