UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TED SPICE,<br><br>Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE, et. al.,<br><br>Defendants. | CASE NO. 20-5005 RJB<br><br>ORDER ON MOTION TO DISMISS AND REGARDING REMAINING DEFENDANTS |

This matter comes before the Court on the Defendant United States' Motion to Dismiss (Dkt. 56) and the Plaintiff's response to the Court's order as to whether he intended to proceed against certain named Defendants (Dkt. 79). The Court has considered the pleadings filed regarding the motion, the response, and the remaining record.

**A. MOTION TO DISMISS**

On January 6, 2020, the Plaintiff filed this case, naming the Internal Revenue Service ("IRS") as one of the Defendants. Dkt. 1. On May 19, 2020, the United States appeared and filed the instant motion to dismiss, noting that federal government's waiver of sovereign immunity does not include the IRS as a defendant – that the proper defendant is the United States. Dkt. 56. It further argues that the case should be dismissed against under Fed. R. Civ. P.

12(b)(1), for lack of subject matter jurisdiction, and under Fed. R. Civ. P. 12(b)(6), for failure to state a claim.  Dkt. 56.  The United States argues that the Court does not have subject matter jurisdiction because the Plaintiff cannot show it has waived its sovereign immunity here.  *Id.*  Additionally, it argues that the Complaint fails to make any substantive allegations against the United States, identify a claim against it, or ask for any relief related to it.  *Id.*

A complaint must be dismissed under Fed. R. Civ. P. 12 (b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute.  *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1346 (United States as a defendant).  When considering a motion to dismiss pursuant to Rule 12 (b)(1), the court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction.  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983).  A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Therefore, plaintiff bears the burden of proving the existence of subject matter jurisdiction.  *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

The United States, as sovereign, is immune from suit unless it consents to be sued. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995). If a claim does not fall squarely within the strict terms of a waiver of sovereign immunity, a district court is without subject matter jurisdiction. *See, e.g.*, *Mundy v. United States*, 983 F.2d 950, 952 (9th Cir. 1993).

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983).

The United States' motion to dismiss (Dkt. 56) should be granted. The Plaintiff does not oppose it. Further, the motion has merit. The Plaintiff has failed to show that his claims (to the extent he makes any against the United States (sued as the IRS)) "fall squarely within the strict terms of a waiver of sovereign immunity." *See Mundy*, at 952. This Court is without subject matter jurisdiction. Further, the Plaintiff failed to allege sufficient facts against the United States to state a claim for relief. The case against the United States, sued in the name of the IRS, should be dismissed.

**B.   REMAINING DEFENDANTS**

By order dated, June 9, 2020, the Court noted that Defendants Bank of America NA ("BOA"); Bank of New York Mellon, as Trustee on behalf of the registered holders of Alternative Loan Trust 2006-OA3, Mortgage Pass-through Certificates, Series 2006-OA3 formerly known as Bank of New York ("Bank of NY"); GMAC Mortgage LLC ("GMAC"); and

Ditech Financial LLC ("Ditech") have not appeared in this case. Dkt. 77. The Order further provided:

> The record does not reflect whether these parties have been properly served.
> This case was filed on January 6, 2020 – over six months ago. The Plaintiff has not moved for default against BOA, Bank of NY, GMAC or Ditech. Based on the allegations and claims in the Complaint, it is not clear whether he has stated a claim against any of these Defendants or seeks any relief against them.
> Aside from these Defendants (BOA, Bank of NY, GMAC and Ditech) and the United States, all other Defendants in this case have been dismissed. The United States has a motion to dismiss noted for consideration for this Friday, June 12, 2020.
> During the six months that this case has been pending, the Plaintiff has taken no action on the record regarding BOA, Bank of NY, GMAC or Ditech. It is not clear whether he intends to continue the case against them. To clarify the record, on or before June 12, 2020, the Plaintiff should be ordered to inform the Court of whether he intends to continue the case against Defendants BOA, Bank of NY, GMAC or Ditech.

Dkt. 77, at 2-3.

By letter, the Plaintiff responded to the Court's order and stated that he did not intend to continue the case against these parties. Dkt. 79. He further states that he will be "filing to voluntarily dismiss this case." *Id.* This pleading should be construed as a motion to voluntarily dismiss all his remaining claims this case.

The Defendants BOA, Bank of NY, GMAC or Ditech should be dismissed without prejudice. There are no other Defendants remaining in this case. It should be closed.

**ORDER**

Therefore, it is hereby **ORDERED** that:

- Defendant United States' (named as the Internal Revenue Service) Motion to Dismiss (Dkt. 56) **IS GRANTED**;

- The United States (named as the Internal Revenue Service) **IS DISMISSED**; and

ORDER ON MOTION TO DISMISS AND REGARDING REMAINING DEFENDANTS - 4

- Defendants Bank of America NA; Bank of New York Mellon, as Trustee on behalf of the registered holders of Alternative Loan Trust 2006-OA3, Mortgage Pass-through Certificates, Series 2006-OA3 formerly known as Bank of New York; GMAC Mortgage LLC; and Ditech Financial LLC **ARE DISMISSED WITHOUT PREJUDICE**; and

- This case **IS CLOSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 15th day of June, 2020.

_____
ROBERT J. BRYAN
United States District Judge